■ ERIC C. JENSEN et al., Appellants, v GENERAL ELECTRIC COMPANY et al., Respondents.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Viscardi, J.), entered June 24, 1991 in Saratoga County, which granted defendants' motions to dismiss the complaint as time barred.

From 1958 to 1969, defendant General Electric Company (hereinafter GE) disposed of hazardous industrial waste at a site in the Town of Moreau, Saratoga County. Since November 1970 the site has been owned by defendant Albert J. Smaldone, Sr. and Sons, Inc. (hereinafter Smaldone). According to a public report issued by GE in November 1984, which detailed the findings of State and Federally mandated investigations as well as plans for remediation, the groundwater beneath the site contained varying amounts of contaminants including polychlorinated biphenyls and trichloroethylene which were migrating away from the site and creating a plume of water contamination in surrounding properties.

Plaintiffs, Edith Perkett and Eric C. Jensen, her son, jointly owned property near the site and were first informed in December 1984 and September 1986, respectively, that part of their property had been contaminated. It was not, however, until June 1990, more than three years later, that they commenced this action against GE and Smaldone asserting causes of action in negligence, continuing trespass, continuing nuisance and strict liability; compensatory and punitive damages, as well as injunctive relief, are sought. When Supreme Court granted GE's motion and Smaldone's cross motion pursuant to CPLR 3211 (a) (5) to dismiss plaintiffs' complaint as time barred, plaintiffs appealed. Perkett has since passed away, leaving Jensen as sole owner of the property pursuant to a right of survivorship, and the action has proceeded (CPLR 1015 [b]).

The single issue before us is whether CPLR 214-c (2), which states that "the three year period within which an action to recover damages for * * * *injury to property caused by the latent effects of exposure* to any substance or combination of substances * * * upon or within property must be commenced shall be computed *from the date of discovery of the injury* by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier" (emphasis supplied),

applies to causes of action in continuing trespass and continuing nuisance.

Although these causes of action do qualify as actions "to recover damages for * * * injury to property caused by the latent effects of exposure" (CPLR 214-c [2]) to the toxic chemicals present on plaintiffs' property, being recurring wrongs they are not subject to any Statute of Limitations because they constantly accrue, thus giving rise to successive causes of action (see, 509 Sixth Ave. Corp. v New York City Tr. Auth., 15 NY2d 48, 52; Cranesville Block Co. v Niagara Mohawk Power Corp., 175 AD2d 444; State of New York v Schenectady Chems., 103 AD2d 33, 37-38; Kearney v Atlantic Cement Co., 33 AD2d 848, 849; Siegel, NY Prac § 40, at 49 [2d ed]). As a consequence they are unaffected by the enactment of CPLR 214-c (2), which is aimed at providing "relief to injured New Yorkers whose claims would otherwise be dismissed for untimeliness simply because they were unaware of the latent injuries until after the limitation period had expired" (Mem of Sen Stafford, Bill Jacket, L 1986, ch 682; see, Mem of Attorney-General, Bill Jacket, L 1986, ch 682). The mischief CPLR 214-c is designed to relieve, namely the injustice experienced by those suffering from latent injuries, is not present here. Furthermore, defendants' reliance on Moore v Smith Corona Corp. (175 AD2d 458) is misplaced because that case did not deal with the question here at issue, but rather with the relationship between CPLR 214-c (2) and (4). In sum, plaintiffs' causes of action in continuing trespass and continuing nuisance are not time barred and, not having been clearly abrogated by the Legislature, they continue as at common law to accrue so long as the alleged trespass and nuisance continue (see, Arbegast v Board of Educ., 65 NY2d 161, 169; McKinney's Cons Laws of NY, Book 1, Statutes § 301 [b]; see also, McKinney's Cons Laws of NY, Book 1, Statutes §§ 95, 321).

Weiss, P. J., Mikoll and Levine, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motions to dismiss the causes of action in continuing trespass and continuing nuisance; motions regarding said causes of action denied; and, as so modified, affirmed.