Hancock, Jr., J.
(dissenting). I join in Judge Smith’s dissenting opinion and would affirm the unanimous decision of the Appellate Division, Third Department (see, Jensen v General Elec. Co., 182 AD2d 903). I write separately to underscore these additional points.
*97 The words of CPLR 214-c, the sense of the statute and its well-documented legislative history leave no doubt that the only purpose of adopting the statute was to remedy the fundamental injustice in the existing "last exposure” rule by replacing it "with a fair and simple rule which permits a person to discover his or her injury before the statutory time period for suit begins to run” (Governor Cuomo’s Approval Mem, 1986 McKinney’s Session Laws of NY, at 3182, 3183; see, Enright v Lilly & Co., 77 NY2d 377, 382-383 [CPLR 214-c applied to remove bar to damage lawsuits for past undiscovered injuries resulting from ingestion of DES]; Hymowitz v Lilly & Co., 73 NY2d 487, 503-504, 507, 514). The majority today, in a remarkable inversion of the statute’s remedial purpose, applies the discovery rule of CPLR 214-c to bar an action based on a constantly recurring wrong in the nature of continuing trespass or nuisance. It thus uses the statute not to revive rights that would otherwise be barred (see, e.g., Enright, supra) but to cut off established common-law rights that are not barred under existing law. Thus, the majority’s application of the statute is directly contrary to the statute’s "obvious purpose * * * to expand an injured party’s ability to take advantage of available substantive rights, not to restrict it (Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C214-c:2, 1993 Pocket Part, at 69 [emphasis added]).
That the Legislature could not have contemplated that CPLR 214-c would ever be applied to a continuing wrong of the type alleged here — which tf fcreate[s] separate causes of action barred only by the running of the statute against the successive trespasses’ ” (majority opn, at 85 [emphasis added]) —is demonstrated conclusively, in my opinion, by the obvious difficulties that the majority encounters in interpreting CPLR 214-c so as to make it fit the case.
The wording of the statute and the legislative history clearly show that in the phrase "an action to recover damages” (CPLR 214-c [2]) the Legislature had in mind the typical action at law for damages resulting from a specific injury which had become outlawed such as the DES claims in Hymowitz and Enright. But an action based on a continuing wrong is not such an action at law for damages. The relief sought is equitable in nature, enjoining a continuance of the injurious conduct; to be sure, damages are sought as part of the total relief but the essence of an action against a continuing wrong is equitable (see, e.g., Lynch v Metropolitan El. Ry. *98 Co., 129 NY 274, 279-280; Galway v Metropolitan El. Ry. Co., 128 NY 132, 146-147; see generally, 1 Pomeroy, Equity Jurisprudence § 237 [5th ed], and cases cited therein). Thus, the action does not fit what would ordinarily be taken as the sense of the phrase "action to recover damages” (CPLR 214-c [2]). The majority, however, meets this problem head on. It simply employs the Procrustean technique of lopping off the part of the relief that does not fit. It holds that only the damages portion of the relief is time-barred, not the equitable relief. For this reason, it does not dismiss plaintiffs’ action. But this, in my view, only compounds the problems.
Excising the prayer for damages and treating it separately from the equitable relief, of course, cannot transform an action in equity into a law "action to recover damages” of the sort contemplated by CPLR 214-c (2). The essential nature of the action as one in equity calling on the court for relief from a continuing wrong remains unchanged (see, e.g., Lynch, supra, at 279 [holding that a demand for past damages as part of an equity action to enjoin a continuing trespass does not constitute an independent cause of action at law for damages]). It is the underlying nature of the action, not the relief demanded that causes the incompatibility with the statute. Beyond that, however, lies an even more fundamental problem with the majority’s solution.
By not dismissing the complaint, the majority affirms that plaintiffs have a viable cause of action for relief based on the alleged wrongful conduct. Plaintiffs, the majority agrees, may ask an equity court to grant an injunction or to abate the nuisance. But the court sitting in equity is precluded from granting whatever ancillary damages are necessary in order to give the complete relief that equity may require. This curtailment of the power of an equity court conflicts directly with the time-honored maxim that once "a court of equity has jurisdiction of a cause it has the power to dispose of all the matters at issue and grant complete relief’ (Ferguson v Village of Hamburg, 272 NY 234, 239; see, People v Lexington Sixty-First Assocs., 38 NY2d 588, 599; Lynch, supra, at 279-280; 55 NY Jur 2d, Equity, § 38). It ignores case law applying this principle in actions for injunctions against continuing trespasses (see, e.g., Lynch, supra, at 279-280; Boomer v Atlantic Cement Co., 26 NY2d 219, 227-228; 1 Pomeroy, Equity Jurisprudence § 237 [5th ed], and cases cited therein).
The majority’s decision to truncate the prayer for relief and *99 thereby limit the equity court’s power necessarily attributes to the Legislature in its enactment of CPLR 214-c the intention of abrogating by implication a basic and unquestioned principle of equity jurisprudence — that once an equity court has acquired jurisdiction it may retain the cause for all purposes and proceed to a final determination including an award of complete relief. But, here again (see, dissenting opn, Smith, J., at 95-96 [pertaining to implied abrogation of established right to obtain relief in actions for continuing trespass and nuisance]) the majority’s construction of CPLR 214-c runs afoul of the accepted rule that the common law is never presumed to have been abrogated by implication (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [b]; Arbegast v Board of Educ., 65 NY2d 161, 169).
There are other difficulties with the majority’s holding that CPLR 214-c (2) should be applied so as to dismiss entirely the severed and separately treated cause of action for damages. The holding leaves some obvious questions unanswered. The majority concludes that the "comprehensive, balanced, new rule [gives] injured parties three years from discovery to bring suit for injuries” (majority opn, at 87 [emphasis added]). A continuing trespass — it is agreed (see, majority opn, at 85, 87)— creates separate causes of action for the individual trespasses which arise successively each day that the trespass continues (see, 509 Sixth Ave. Corp. v New York City Tr. Auth., 15 NY2d 48, 52). Assuming that each of these successive trespasses is discovered on the day it occurs and the separate, new cause of action accrues, under the majority’s application of CPLR 214-c (2) the plaintiff should have three years from the date of discovery of each new injury to bring suit. The majority does not explain how plaintiffs — even adopting the majority’s application of CPLR 214-c (2) — can be deprived of their right to recover damages for the successive trespasses that have occurred within the three-year period before commencement of the action.
There is, moreover, another problem. If plaintiffs should prevail in their equity action, does the majority’s construction of CPLR 214-c (2) preclude the recovery of such damages as may have accrued during the period from and after the commencement of plaintiffs’ action until the date of the court’s decree? The majority opinion does not tell us.
For the reasons stated in Judge Smith’s dissenting opinion and in view of the several complications and unanswered *100 questions resulting from what, at the very least, is a labored construction of CPLR 214-c, I cannot believe that the Legislature ever intended this outcome.
Chief Judge Kaye and Judges Titone and Sullivan* concur with Judge Bellacosa; Judge Smith dissents in part and votes to affirm in an opinion in which Judges Hancock, Jr., and Ellerin* concur; Judge Hancock, Jr., dissents in a separate opinion in which Judge Ellerin also concurs; Judges Simons and Levine taking no part.
Order modified, with costs to defendants, and case remitted to Supreme Court, Saratoga County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed, and certified question answered in the affirmative.

 Designated pursuant to NY Constitution, article VI, § 2.