■ ROBERT MOORE et al., Respondents, v SMITH CORONA CORPORATION, Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered October 12, 1990 in Cortland County, which denied defendant's motion to dismiss the complaint, inter alia, as time barred.

Plaintiffs commenced this action on September 12, 1989 alleging personal injury and property damage resulting from the negligence and recklessness of defendant in addition to defendant's continuing trespass and nuisance. Plaintiffs, homeowners in the Town of Cortlandville, Cortland County, contend that their well water was contaminated by hazardous substances released on land and into the water by defendant's facilities. The discovery of the contamination occurred in late

September or early October 1986. Defendant moved to dismiss the action, *inter alia,* as untimely, relying upon CPLR 214-c (2) and (4). Supreme Court denied the motion, finding that CPLR 214-c (4) expanded rather than shortened the time limitations found in CPLR 214-c (2) and that the action was timely. Defendant appeals.

CPLR 214-c provides:

"2. Notwithstanding the provisions of section 214, the three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body or upon or within property must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier. * * *

"4. Notwithstanding the provisions of subdivisions two and three of this section, where the discovery of the cause of injury is alleged to have occurred less than five years after discovery of the injury or when with reasonable diligence such injury should have been discovered, whichever is earlier, an action may be commenced or a claim filed within one year of such discovery of the cause of the injury; provided, however, if any such action is commenced or claim filed after the period in which it would otherwise have been authorized pursuant to subdivision two or three of this section the plaintiff or claimant shall be required to allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized and that he has otherwise satisfied the requirements of subdivisions two and three of this section."

Defendant contends that because the parties were aware in October 1986 that defendant's toxic pollution was the cause of their injuries, they were required to commence an action within one year as provided by CPLR 214-c (4). We disagree. The plain and logical reading of the entire statute clearly provides a three-year Statute of Limitations from discovery of the injury (CPLR 214-c [2]) and the additional time where the cause of the injury is not discovered until some time thereafter (CPLR 214-c [4]). Put another way, CPLR 214-c (4) is triggered when the cause of an injury is unknown at the time the injury is discovered. If such cause is identified within five

years of discovery of the injury, subdivision (4) provides an additional period of one year within which to commence suit. Defendant's strained interpretation would effectively eliminate the three years provided by CPLR 214-c (2) and reduce the time limitation to one year from discovery of the cause regardless of when the injury was discovered.

Defendant also contends that the action of plaintiffs Jamie Dangler and Stephen Dangler is untimely under the terms of CPLR 214-c (2) as to injuries preceding September 12, 1986. Jamie Dangler miscarried in August 1986 which she subsequently linked, in public statements made in late September and October 1986, to the toxic pollution. However, a miscarriage is not necessarily a personal injury and there is nothing in the record to suggest that there was any linkage to contaminants or that the discovery of injury (miscarriage or otherwise) occurred or should have occurred prior to September 12, 1986. Defendant has not shown the existence of an injury known to plaintiffs prior to September 12, 1986. The motion was therefore properly denied.

Mahoney, P. J., Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.