OPINION OF THE COURT
Peter P. Cusick, J.
This is an action commenced by 35 plaintiffs against the City of New York, seeking damages for their personal injuries.
Plaintiffs are present or former residents of Staten Island who claim to have been exposed to toxic and hazardous emissions from the Fresh Kills landfill transmitted into the air, water and ground. It is alleged that the City of New York, either negligently, wilfully, or knowingly failed to take adequate measures to prevent the spread of these emissions into the environment, and failed to warn persons such as plaintiffs as to the health hazards existing at Fresh Kills.
Defendant challenges the viability of 19 of these actions on Statute of Limitations grounds.
The challenged plaintiffs, with one exception, served notices of claim upon the City of New York, as required by General Municipal Law § 50-e, in May and June of 1993. In such notice, the plaintiffs stated that "the cause of said injuries was discovered in March of 1992.” Movant City now relies on the aforementioned statement as proof of the plaintiffs’ discovery of the cause of their injuries for purposes of CPLR 214-c (4), which provides that: "where the discovery of the cause of the injury is alleged to have occurred less than five years after discovery of the injury or when with reasonable diligence such injury should have been discovered, whichever is earlier, an action may be commenced or a claim filed within one year of such discovery of the cause of the injury; provided, however, if any such action is commenced or claim filed after the period in which it would otherwise have been authorized pursuant to subdivision two or three of this section the plaintiff or claimant shall be required to allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized and that he has otherwise satisfied the requirements of subdivisions two and three of this section.”
It is movants’ position that since plaintiffs did not commence their action within one year of the discovery of the *685 cause of their injuries, i.e., by March of 1993, their actions are time barred.
However, such analysis completely ignores the effect of the amendment to their notices of claim. Defendant interposed no opposition to plaintiffs’ application to amend their notices, notwithstanding that it may have had a statutory basis for objecting thereto, i.e., that the mistake was not made in good faith, or that prejudice would result from the amendment (General Municipal Law § 50-e [6]). Thus, it cannot now be heard to argue that plaintiffs "established” the date of discovery of the cause of their injuries by their own statements (see generally, Jeshurin v Liberty Lines Tr., 191 AD2d 412 [2d Dept]).
Notwithstanding that plaintiffs cannot be held bound to any date of discovery of the cause of their injuries by reason of their own statements, the court must nonetheless ascertain what that date is, if any, for purposes of calculating the Statute of Limitations.
The "discovery of the cause of the injury” principle, embodied in CPLR 214-c (4), has caused much consternation since its enactment. It has been described as a "complicated” statute, "reek[ing] of the midnight oil of political compromise” with "draftsmanship [that] cannot be described as commendable” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C214-c:4, at 635). Yet, it appears clear in this case that subdivision (4) of CPLR 214-c applies to the particular facts herein, since plaintiffs know they have been injured but are unaware of what caused those injuries (id., CPLR C214-c:2; Moore v Smith Corona Corp., 175 AD2d 458, 459). Judge McLaughlin summarized the method of calculating the Statute of Limitations period under subdivision (4) well: "If the plaintiff discovers the cause of the injury within five years after discovery (actual or constructive) of the injury, then two calculations have to be made. Plaintiff may sue and invoke the longer of (a) three years from the discovery (actual or constructive) of the injury; or (b) one year from the discovery (actual or constructive, presumably — though the statute does not say this) of the cause. In order to invoke the (b) formula, thus prolonging the statute beyond the customary three-year period, the plaintiff must demonstrate that the state of medical or scientific knowledge was such that the causation of his injury could not have been identified within the three-year period prescribed in the (a) formulation.” (McLaughlin, Practice Commentaries, op. cit, at 634.)
*686 "The term 'cause of the injury’ should be given a meaning consistent with the thrust of the statute and should imply that the plaintiff has sufficient knowledge to bring an action.” (Id., at 635.)
As to the first element described by Judge McLaughlin, the thrust of the statute, CPLR 214-c is remedial in nature, entitling it to a liberal construction to advance its purpose (Rothstein v Tennessee Gas Pipeline Co., 204 AD2d 39 [2d Dept]; see also, Di Marco v Hudson Val. Blood Servs., 147 AD2d 156, 159-160). The purpose was stated by the bill’s sponsor, when he stated that it: "will provide relief to injured New Yorkers whose claims would otherwise be dismissed for untimeliness simply because they were unaware of the latent injuries until after the limitation period had expired.” (Mem of Sen. Stafford, 1986 NY Legis Ann, at 287.)
The further purpose of subdivision (4) of CPLR 214-c is to expand, rather than shorten, the three-years-from-date-of-discovery-of-the-injury rule of subdivision (2). (See, Moore v Smith Corona Corp., supra; see also, Ford v American Tel. & Tel. Co., 154 Misc 2d 894, 899.) Consequently, the Statute of Limitations is longer than the one-year and 90-day period urged by defendant.
The second element for consideration is whether plaintiffs had sufficient knowledge of the cause of their injury to bring an action. Plaintiffs insist that they are unable to identify the specific toxic substances emanating from the Fresh Kills landfill. The affirmation of Bert A. Blitz, Esq., at paragraph 12, states that "the cause of the plaintiff’s injuries is still in the process of being discovered through ongoing scientific and epidemiological studies.” The affirmation of Richard Neugebauer, Ph D, emphasizes that available scientific evidence is being analyzed, and that the amount of material to be studied is considerable. He avers that until these technical and epidemiological studies are completed, it is not possible to conclude at this time what the cause of the plaintiff’s injuries are, or when they discovered them.
The cause of plaintiffs’ injuries, or in more precise legal terminology the "proximate cause”, is a necessary element to be pleaded and proven in any action founded in negligence (Atkins v Glens Falls City School Dist, 53 NY2d 325; 79 NY Jur 2d, Negligence, § 8). While the absolute definition of "proximate cause” is elusive (id., § 41), it has been described as the substantial cause of, or substantial factor in, bringing *687 about the events that produced the injury (id., § 44). It is this element for which plaintiffs are still seeking scientific confirmation, and without knowing if these toxic substances are the cause of the injuries alleged, it cannot be said that they had sufficient knowledge to bring an action, as Judge McLaughlin suggests (see generally, Bassile v Covenant House, 152 Misc 2d 88, 91).
In accord on this issue is the Federal case of Renfroe v Eli Lilly & Co. (686 F2d 642, 647-648). In Renfroe, plaintiffs commenced an action against several drug companies for damages allegedly sustained as a result of exposure to DES. Plaintiffs were each exposed to DES in the early 1950s while in útero when their respective mothers took a drug known as Stilbestrol during pregnancy. They did not learn of the possible causal connection between their cancer, diagnosed in the early 1970s, and DES until 1975 or 1976. The District Court concluded, and the Eighth Circuit affirmed, that under a comparable Missouri statute, the plaintiffs’ causes of action did not accrue until they suffered reasonably discoverable injuries, and they knew or should have known that DES caused their injuries. In King v Nashua Corp. (763 F2d 332), the Eighth Circuit again followed the "knew-or-should-have-known” approach to the issue in dismissing claims of injuries caused by exposure to fumes from thermal labels. The Federal court concluded that plaintiff should have known of the cause of her respiratory illness because the medical community was aware of the causal link as early as 1975. Thus, although she first exhibited symptoms in July of 1977, her suit commenced in 1984 was time barred.
In the case at bar, of course, there is no evidence of any present knowledge on the part of the medical or scientific community that any of the emissions from the Fresh Kills landfill can be causally linked to plaintiffs’ injuries.
For these reasons, the court concludes that the statutory concept of discovery of the "cause of the injury” within the context of determining whether plaintiffs have sufficient knowledge to bring an action includes identification of the substance to which plaintiffs were allegedly exposed. It may very well also include knowledge of the identity of the correct defendant. There is nothing in the statute, or the legislative history thereof, to suggest that either of these approaches is more or less paramount than the other. Indeed, Judge McLaughlin poses these questions in an analysis of a case entitled Ward v Desachem Co. (771 F2d 663), in which plaintiff, a *688 clean-up worker at a Dairylea plant, came into contact with toxic chemicals supplied by defendant. He was later diagnosed with asthma produced by exposure to noxious fumes. Judge McLaughlin queried: "How much must be known before it can reasonably be said that the plaintiff knows 'of the cause of the injury’? In the Ward case, for example, would it be sufficient if the plaintiff learned that his injury was caused by something he had breathed, but did not know whether it was asbestos or chlorine? Must he be able to identify the correct defendant? And must he also have arrived at a theory of liability, e.g., a design defect as distinct from a manufacturing defect”? (McLaughlin, Practice Commentaries, op. cit., at 635.)
In order to invoke Judge McLaughlin’s (b) formula quoted at length hereinabove, plaintiffs must show that the state of medical or scientific knowledge was such that the causation of the injury could not have been identified within three years of discovery of the injury itself (id., at 634-635). The court is satisfied that plaintiffs have made out a prima facie showing as to this condition, based upon the affirmation of Richard Neugebauer, Ph D. However, this may ultimately be a question for the jury to resolve. (Id., at 635.)
The 19 plaintiffs challenged by defendant can be divided into three categories. The first of those categories includes those plaintiffs who discovered their injuries by a diagnosis thereof, or death, prior to July 1, 1986, the effective date of CPLR 214-c, but fall under the exception to its application. These include plaintiffs Brian Pisciotta, Anthony Ferrara, and Michael Ferrara.
Subdivision (6) specifically exempts certain acts, omissions or failures from the purview of CPLR 214-c. They are those
"(a) which occurred prior to July first, nineteen hundred eighty-six, and
"(b) which caused or contributed to any injury that either was discovered or through the exercise of reasonable diligence should have been discovered prior to such date, and
"(c) an action for which was or would have been barred because the applicable period of limitation had expired prior to such date.”
For the exception to apply, all three criteria must be satisfied (Rothstein v Tennessee Gas Pipeline Co., supra).
The circumstances of plaintiffs Brian Pisciotta, Anthony Ferrara, and Michael Ferrara are such that they all fall within the above three-pronged exception to the statute. Pisci *689 otta was diagnosed with hepatitis in October of 1982; his action was time barred in October 1985. Anthony Ferrara died on March 31, 1983; any actions on his behalf were time barred on March 31, 1986. Michael Ferrara died on April 10, 1981; any actions on his behalf were time barred on April 10, 1984. Consequently, they do not enjoy the benefit of this statute.
Plaintiffs Lori Ann DeForest and Joshua Solomon fall into the second category. They are not exempt from the application of the statute, because the applicable period of limitations for their respective actions had not expired as of July 1, 1986. Plaintiff DeForest was diagnosed with Hodgkin’s Disease in November 1985. The three-year statute then applicable extended beyond July 1, 1986. However, even under the benefit of subdivision (4), she was required to discover the etiology within five years after the discovery of the injury (by Nov. 1990) and commenced an action within one year thereafter. Thus, this plaintiff was required to commence this action on or before November 1991.
Similarly, any action on behalf of plaintiff Solomon, who died on February 26, 1985, was required to be commenced on or before February 26, 1991.
These plaintiffs are akin to those in Michael v Ametelco, Inc. (150 Misc 2d 507), in which the Supreme Court, Monroe County (Andrew V. Siracuse, J.), dismissed claims of injuries caused by alleged exposure to zinc. In Michael, the plaintiffs were diagnosed with multiple sclerosis prior to the enactment of CPLR 214-c but claimed they did not, and could not, have known that their injuries were caused by exposure to zinc until after the enactment of the statute on July 1, 1986. The court concluded that "[CPLR] 214-c does not allow for the revival of a claim * * * discovered prior to July 1, 1986 but the toxic causation is not discovered until after that date or more than five years after the date of discovery” (supra, at 514).
The third category of plaintiffs consists of the remaining 14 plaintiffs challenged by defendant. They were all diagnosed, or died, after the effective date of CPLR 214-c and after October 1988, and commenced this action within five years, on June 1, 1993. Since plaintiffs are entitled to the benefit of the longer of either (1) three years from discovery of the injury (Judge McLaughlin’s [a] formula) or (2) one year from discovery of the cause (Judge McLaughlin’s [b] formula), the court did not address the issue whether plaintiffs commenced this *690 action within three years from the discovery of their injuries,* as defendant asserts.
Accordingly, the motion for an order dismissing the complaints of the 19 plaintiffs enumerated in the notice of motion dated June 1, 1994 is denied, except as to plaintiffs Brian Pisciotta, Anthony Ferrara, Michael Ferrara, Lori Ann DeForest, and Joshua Solomon. As to said plaintiffs, the motion to dismiss is granted.
That branch of the same motion seeking severance of each plaintiff’s cause into separate actions is denied. "Although it is within a trial court’s discretion to grant a severance, this discretion should be exercised sparingly. Where complex issues are intertwined, albeit in technically different actions, it would be better not to fragment trials, but to facilitate one complete and comprehensive hearing and determine all the issues involved between the parties at the same time. Fragmentation increases litigation and places an unnecessary burden on court facilities by requiring [multiple] trials instead of one.” (Shanley v Callahan Indus., 54 NY2d 52, 57.)
The cross motion to consolidate four actions is granted. All actions shall be consolidated under index No. 13634/93.

 Actually, one year and 90 days, since this defendant is entitled to the benefit of the shorter statute pursuant to General Municipal Law § 50-i.