OPINION OF THE COURT
 

 Bellacosa, J.
 

 Plaintiffs decedent in this case was allegedly injured in the late 1940’s by ingestion, at approximately age 10, of a radioactive contrast dye. His injuries allegedly did not manifest themselves until 1988 and, thus, were not "discovered” until just before his death that same year during exploratory surgery. Giving the complaint on this CPLR 3211 motion all favorable inferences, we apply the toxic tort discovery statute (L 1986, ch 682; CPLR 214-c) and agree with the Appellate Division that the subject causes of action are not time-barred.
 

 The complaint alleges that in either 1948 or 1949, Ari Roth-stein was given thorium dioxide, known as Thorotrast, as a radioactive contrast dye for X-ray purposes. Almost 40 years later, while being diagnosed for severe abdominal pain, he underwent exploratory surgery on December 6, 1988. A malignancy of his liver was found. Rothstein died that same day from massive internal bleeding related to the cancer and the surgery.
 

 In September 1990, Rothstein’s widow sued defendants, the manufacturers of the dye, and others. She alleged negligence, strict products liability, wrongful death and breach of warranty. The complaint asserted that her husband’s cancer was caused by ingestion of the dye.
 

 Supreme Court dismissed the complaint as time-barred under CPLR 3211 (a) (5). It concluded that CPLR 214-c, which provides that toxic tort claims for latent effects of exposure to
 
 *93
 
 harmful substances accrue on the date of reasonable discovery of the injury, applies only to tort situations in which the exposure and discovery occurred after the effective date of the remedial legislation package in 1986.
 

 The Appellate Division, with two Justices dissenting, reversed Supreme Court’s dismissal as to all causes of action except breach of warranty, which is not at issue here. That Court then granted defendants leave to appeal and certified the following question: "Was the opinion and order of this court dated October 3, 1994, properly made?” We now affirm and answer the certified question in the affirmative.
 

 The long-standing rule in toxic tort cases in New York has been that "when chemical compounds are injected into a person’s body, the injury occurs upon the drugs introduction, not when the alleged deleterious effects of its component chemicals become apparent”
 
 (Thornton v Roosevelt Hosp.,
 
 47 NY2d 780, 781;
 
 see, Schmidt v Merchants Desp. Transp. Co.,
 
 270 NY 287). The policy justification and legislative deference for this rule may be capsulized by the proposition that an injured individual’s "occasional hardship is outweighed by the advantage of outlawing stale claims,” as delimited by enacted statutes of repose
 
 (Schmidt, supra,
 
 at 302). An unbroken string of this Court’s decisions from
 
 Schmidt
 
 in 1936 to
 
 Consorti v Owens-Corning Fiberglas Corp.
 
 (86 NY2d 449) this year has upheld these benchmarks and consistently barred claims brought more than three years after exposure
 
 (see, Snyder v Town Insulation,
 
 81 NY2d 429;
 
 Fleishman v Lilly & Co.,
 
 62 NY2d 888,
 
 cert denied
 
 469 US 1192;
 
 Martin v Edwards Labs.,
 
 60 NY2d 417;
 
 Matter of Steinhardt v Johns-Manville Corp.,
 
 54 NY2d 1008;
 
 Thornton
 
 v
 
 Roosevelt Hosp.,
 
 47 NY2d 780, 785,
 
 supra; Schwartz v Heyden Newport Chem. Corp.,
 
 12 NY2d 212).
 

 In 1986, the Legislature enacted chapter 682 of the Laws of 1986, which amended the CPLR to add section 214-c to replace the exposure rule with a balanced and more equitable discovery accrual mechanism (CPLR 214-c [2]). It also allowed for a limited revival of foreclosed claims (L 1986, ch 682, § 4). Section 214-c (6) announced the new regime’s effective date and retroactivity aspects as follows:
 

 "This section shall be applicable to acts, omissions or failures occurring prior to, on or after July first, nineteen hundred eighty-six, except that this section shall not be applicable to any act, omission or failure:
 

 "(a) which occurred prior to July first, nineteen hundred eighty-six, and
 

 
 *94
 
 "(b) which caused or contributed to an injury that either was discovered or through the exercise of reasonable diligence should have been discovered prior to such date, and
 

 "(c) an action for which was or would have been barred because the applicable period of limitation had expired prior to such date.”
 

 Thus, on its face, including for those cases where the alleged tort was committed "prior to” July 1, 1986 but the injury or its manifestation was not allegedly discovered until afterwards, the discovery rule applies (CPLR 214-c [6]). The statute concomitantly precludes the application of the discovery amelioration only if (1) exposure occurred before July 1, 1986,
 
 and
 
 (2) discovery occurred before July 1, 1986,
 
 and
 
 (3) more than three years had elapsed between the date of exposure and July 1, 1986 (CPLR 214 [5]).
 

 Defendants-appellants recognize that the plain language of the statute runs against their interest, but argue, nevertheless, that reading the statute as written would strip significance from an additional, uncodified revival statute, enacted contemporaneously in chapter 682 (L 1986, ch 682, § 4;
 
 see,
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 98, at 220). This statutory construction axiom fails to carry the weight of defendants’ argument in the face of the enactment’s manifest expression. The revival provision, moreover, applies to a class of cases separate and distinct from the more comprehensive range of those within the remedial purview and sweep of CPLR 214-c.
 

 As to DES, asbestos, tungsten-carbide, chlordane or polyvinyl-chloride, any personal injury action "which was dismissed prior to the effective date of this act solely because the applicable period of limitations has or had expired is hereby revived,” for a period of one year from the effective date (L 1986, ch 682, § 4). Defendants argue that this extraordinary and distinctive remedy demonstrates the Legislature’s intent to grant relief only to previously time-barred claims among these enumerated categories of latent dangerous substances and to no others
 
 (see, Matter of Alonzo M. v New York City Dept. of Probation,
 
 72 NY2d 662, 665). Allowing the claim in this case for the decedent’s injuries related to ingestion of Thorotrast in the late 1940’s, defendants further insist, would render an integral part of the legislative enactment meaningless, a construction that courts are generally obliged to avoid
 
 (see, Rocovich v Consolidated Edison Co.,
 
 78 NY2d 509, 515; McKinney’s Cons Laws of NY, Book 1, Statutes § 98, at 220).
 

 
 *95
 
 A threshold flaw in defendants’ argument is evident. While section 4 of chapter 682 is a revival statute
 
 (see,
 
 L 1986, ch 682, § 4), CPLR 214-c (6) is not. The latter does not serve to revive any claims for discovered injuries in existence on the 1986 effective date
 
 (cf., Forti v New York State Ethics Commn.,
 
 75 NY2d 596, 609). Instead, it serves two different functions. First, it was designed in part as a transition measure for situations in which discovery predated the effective date, but the injury had occurred fewer than three years before that date, allowing those claims to proceed (CPLR 214-c [6] [b], [c]). Notably, though, CPLR 214-c nowhere exhibits any limitation of subdivision (6) to transition cases only, as Supreme Court found. Second, CPLR 214-c purports to act prospectively as a distinct accrual mechanism, allowing individuals who allegedly discover or reasonably should have discovered toxic-tort-related injuries on or after the effective date (July 1, 1986), three years from discovery to file facially timely claims
 
 (see,
 
 CPLR 214 [5]).
 

 The revival statute, on the other hand, is a "distinct but related provision, not to be confused with CPLR 214-c and its application in future cases” (Siegel, NY Prac § 40, at 48 [2d ed]). The revival piece of the intricate 1986 legislative package expressly covers only those claims that were "barred as of the effective date” or that had been "dismissed prior to the effective date,” because the Statute of Limitations had expired (L 1986, ch 682, § 4). Thus, this provision truly
 
 revives
 
 already otherwise extinct claims, as contrasted to section 214-c’s principal function of fixing when future claims may be deemed to accrue.
 

 In enacting the revival provision, the Legislature intended to help those who they knew, with reasonably established scientific and medical certainty, had already been injured by specified deleterious substances
 
 (see, Hymowitz v Lilly & Co.,
 
 73 NY2d 487, 515,
 
 cert denied
 
 493 US 944;
 
 see also,
 
 New York State Assembly, Transcript of June 24, 1986, Assembly Debates on Bill No. A. 10664, record on opp, at 179 [statement of Assemblyman M. H. Miller, at 451]). For claimants to qualify as beneficiaries of the revival statute on July 1, 1986, they would have to have known that they had in fact been injured. People who had been exposed but were not known to be injured, therefore, were
 
 not covered
 
 by the revival piece of the remedial enactment
 
 (see,
 
 McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C214-c:6, at 636 [1990] ["if the injury was not, and could not have been, discovered before July 1, 1986, then the new statute (CPLR 214-c) applies,
 
 *96
 
 and this is so even if the action was barred by the old New York rule”]). Because the revival provision is not rendered meaningless by our construction of CPLR 214-c (6) in plaintiffs favor in this case, we do not offend the argued statutory construction axiom.
 

 Thus, because the statutory enactment is a remedial package of complex, interlocking provisions, we read it generously to effect the core and overriding purpose
 
 (see, 1
 
 Weinstein-Korn-Miller, NY Civ Prac 214-c.OG, at 2-497 ["this remedial statute should be liberally construed * * * in keeping with the legislative intent to afford relief to victims whose claims were barred under the old law, even before they became aware of their injuries”]; McKinney’s Cons Laws of NY, Book 1, Statutes § 96, at 209 ["The object of a statute is of especial importance in the construction of a remedial act designed to cure some evil in the existing system of law.”]). The discovery rule was enacted to "remed[y] a fundamental injustice in the laws of our State which has deprived persons suffering from exposure to toxic or harmful substances
 
 from having an opportunity to present their case in court”
 
 (Governor’s Mem approving L 1986, ch 682, 1986 NY Legis Ann, at 288 [emphasis added]). To read the statute as barring all but those claims with respect to which
 
 exposure
 
 did not occur until after the effective date would contradict or at least frustrate that articulated goal.
 

 While Justice Krausman’s dissenting opinion at the Appellate Division identifies important policy concerns, Justice Altman’s majority opinion cogently resolves the conflicting considerations as follows:
 

 "The revival statute, in contrast to CPLR 214-c, revived actions which had previously been dismissed or causes of action where the discovery of the injury predated the new discovery rule and were time barred in July 1986 and therefore would not be governed by CPLR 214-c. * * * [T]he focus of section 214-c is to change the accrual date of a cause of action. Its effect is prospective because the cause of action does not arise until the injury is discovered or should have been discovered.” (204 AD2d 39, 44.)
 

 Contrary to the defendants’ position here, the Legislature enacted two separate, albeit generally related, statutory schemes and each has its own distinct application and objective.
 

 The interplay of the discovery accrual provision and the corresponding revival remedy may be illustrated as follows: A
 
 *97
 
 DES victim, who had already discovered her injury by the statute’s effective date and would thus be barred by the exposure rule, would have a one-year extension in which to file under the revival statute. The same would
 
 not
 
 apply to a similarly situated Thorotrast victim, because that kind of victim was not beneficially and categorically listed among the five categories in the revival provision. However, the same theoretical Thorotrast victim, if he or she reasonably discovered the injury after July 1, 1986, should be given the benefit of the prospective application of the accrual mechanism
 
 (see, Prego v City of New York,
 
 147 AD2d 165 [CPLR 214-c applies to virus ingested more than three years before effective date, but not discovered until afterwards]; 1 Weinstein-Korn-Miller,
 
 op. cit.,
 
 214-C.06, at 2-497 ["if an injury were caused by an act, omission or failure that occurred before July 1, 1986, but with diligence was not discovered until after that date, the victim would have the benefit of the three year period of CPLR 214-c”]). That is essentially the case alleged here. Because discovery allegedly did not occur until 1988, the cause of action would not have been time-barred until 1991. Since the action was started in 1990, it is timely.
 

 We emphasize the precise nature of our holding by noting the CPLR 3211 procedural stage of this matter and the fact that no implications or inferences are appropriate at this stage concerning causation with respect to a 1948 ingestion of an allegedly dangerous product with a facially asserted 1988 injury.
 

 Finally, we reject defendants’ contention that this Court’s decision in
 
 Matter of Thomas v Bethlehem Steel Corp.
 
 (63 NY2d 150) compels a different result. That case involved an entirely separate statutory scheme, with a different history. The analogy is inapplicable and, in any event, fails in the face of the specific analysis involving chapter 682’s intricate and interlocking parts.
 

 Our holding and analysis make it unnecessary to reach plaintiff-respondent’s alternative constitutional argument or any other issues advanced by defendants-appellants on this certified question appeal.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 Order affirmed, etc.