■ In the Matter of NEW YORK COUNTY DES LITIGATION. SUSAN WETHERILL, Appellant, v ELI LILLY & Co. et al., Respondents. [639 NYS2d 40]

CPLR 214-c (2) provides: "Notwithstanding the provisions of section 214, the three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body or upon or within property must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier." Contrary to the IAS Court, we find that the "discovery" to which the statute refers is not merely the discovery of the condition or symptoms suffered by the plaintiff, herein physical abnormalities causing repeated miscarriages, but includes the discovery of the fact that those symptoms are attributable to an injury inflicted upon the plaintiff by a third party (*Cochrane v Owens-Corning Fiberglas Corp.*, 219 AD2d 557, 559; *cf., Horton v Eli Lilly & Co.*, 223 AD2d 515). We reject the argument that this interpretation of CPLR 214-c (2) obviates the necessity of CPLR 214-c (4), which can further extend the statute in a situation where the plaintiff knows she has been injured, but is unable, because of lack of currently avail-

able technical, scientific or medical knowledge, to identify who or what injured her (*but see, Sweeney v General Print.*, 210 AD2d 865 [3d Dept], *lv denied* 85 NY2d 808; *Michael v Ametelco, Inc.*, 150 Misc 2d 507, *affd on opn. below sub nom. Michael v Eastern Alloys*, 175 AD2d 667 [4th Dept], *lv denied* 78 NY2d 862).

In light of our holding, it is clear that questions of fact remain in this case as to "when sufficient information was communicated to plaintiff so as to induce a reasonable person to associate h[er] physical condition with exposure to a toxic substance" (*Cochrane v Owens-Corning Fiberglas Corp.*, 219 AD2d, *supra*, at 559), i.e., when she did, or should have, become aware that her condition was not a natural, if unfortunate, happenstance but was the result of an injury inflicted upon her. Defendants argue that plaintiff should have become aware of this in 1988 when her sister mentioned to her that their mother had taken some kind of drug during her pregnancies and her other sister told her "a little bit about what she thought DES (diethylstilbestrol) was and the effects that it had on the offspring of mothers who took it * * * [including] reproductive problems." Plaintiff, on the other hand, argues that she had no reason to draw this conclusion until December, 1989, when she overheard a doctor describing her condition as typical of that of a DES daughter.

Resolution of this issue is for a jury. Thus, defendants' motion for summary judgment dismissing the complaint based on the Statute of Limitations should be denied. In light of the fact that the factual issues regarding the point at which plaintiff discovered that she had been injured may yet be resolved in defendants' favor, we note that the IAS Court properly found that CPLR 214-c (4) was unavailable to plaintiff to further extend the Statute of Limitations since she made no showing that her discovery of the precise cause of her injury, i.e., her mother's alleged ingestion of DES, was delayed due to a lack of technical, scientific or medical knowledge. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Mazzarelli, JJ.