[647 NYS2d 850]

ROCKY ANNUNZIATO et al., Respondents, et al., Plaintiffs, v CITY OF NEW YORK, Appellant. (Action No. 1.)

RICHARD CASPARIE et al., Respondents, v CITY OF NEW YORK, Appellant. (Action No. 2.)

ALICE STENSLAND et al., Respondents, v CITY OF NEW YORK, Appellant. (Action No. 3.)

ROBERT DADONA et al., Respondents, v CITY OF NEW YORK, Appellant. (Action No. 4.)

Second Department, September 30, 1996

## APPEARANCES OF COUNSEL

*Paul A. Crotty, Corporation Counsel* of New York City *(Pamela Seider Dolgow* and *Elizabeth S. Natrella* of counsel), for appellant.

*Glaser, Shandell & Blitz,* New York City *(Alexander J. Wulwick* of counsel), for respondents.

## OPINION OF THE COURT

O'BRIEN, J.

The plaintiffs in these four consolidated actions claim injuries to themselves and their decedents from the latent effects of exposure to toxic substances deposited at Staten Island landfills. The primary issue presented on appeal is whether the personal injury claims of 11 of the plaintiffs in Action No. 1 should be dismissed as untimely under the "date of discovery" rule in CPLR 214-c. We conclude that these plaintiffs' claims are time barred under CPLR 214-c (3), and their allegation that they have not, as yet, discovered the cause of their injuries precludes a finding that their claims are timely under CPLR 214-c (4).

### I

In four separate actions commenced against the defendant City of New York, plaintiffs from over 40 families sought to recover damages for personal injuries and wrongful death based on allegations that the diseases they suffered from were caused by exposure to toxic substances at the Brookfield and Fresh Kills landfills on Staten Island. The plaintiffs are residents or former residents of neighborhoods located near the landfills. This appeal concerns those branches of the defendant's motion which were to dismiss the claims of 11 of the 35 plaintiffs in Action No. 1 on Statute of Limitations grounds and to sever the claims of the remaining plaintiffs in that action. The Supreme Court denied those branches of the defendant's motion and granted the plaintiffs' cross motion to consolidate the four actions.

Each of the plaintiffs in Action No. 1 served a notice of claim on the defendant in May or June 1992. The notices of claim alleged, *inter alia,* that the defendant was negligent in allowing health hazards to exist at the landfills and that the plaintiffs or their decedents were exposed to toxic emissions from the landfills into the air, water, and ground. All of the notices of claim of the plaintiffs in Action No. 1 stated that each plaintiff

discovered the cause of his or her injury in March 1992, except Marisa DeMonte's notice of claim, which did not indicate when the cause of her injury was discovered. In August 1992 the plaintiffs moved to amend their notices of claim to allege that the landfills continued to present health hazards and that "[t]he time when the claim arose is a question of fact to be determined by the jury". The motion was granted without opposition by the defendant.

The defendant concedes that, for Statute of Limitations purposes, Action No. 1 was commenced on June 1, 1993 (see, CPLR 306-b [b]). In June 1994 the defendant moved for summary judgment dismissing the claims of 19 plaintiffs in Action No. 1 as time barred under the provisions of CPLR 214-c. Subsequently, in its reply papers, the defendant withdrew the motion with respect to three of the 19 plaintiffs. The Supreme Court dismissed the claims of five of the plaintiffs as time barred, and the court denied the defendant's motion with respect to the remaining 11 plaintiffs. Since the five plaintiffs whose claims were dismissed have not cross-appealed, the only issue before us is whether the claims of the remaining 11 plaintiffs should have been dismissed.

Nine of the 11 plaintiffs claimed damages for personal injuries to themselves. The plaintiffs do not dispute the accuracy of evidence provided by the defendant, based on the notices of claim and General Municipal Law § 50-h hearings, that their various illnesses (i.e., leukemia, Hodgkin's disease, seizure disorder, non-Hodgkin's lymphoma) were diagnosed on the following dates:

| | |
|---|---|
| Rocky Annunziato | July 1991 |
| Marisa DeMonte | August 1989 |
| Marianne Dmytrow | July 1990 |
| Martin Gartenberg | July 1989 |
| Marla Girard | September 1990 |
| Brian Harris | October 1991 |
| Bryan Marcus | November 1991 |
| Alvaro Tatekawa | September 1990 |
| Gloria Weiss | June 1990 |

Two of the 11 plaintiffs claimed damages for wrongful death: Mary Ann Frizalone for the death of Joseph Frizalone in December 1990 and Aaron Sklar for the death of Beverly Sklar in November 1988.

## II

In a cause of action to recover damages for personal injuries caused by the latent effects of exposure of the body to toxic substances, the accrual date is determined by the discovery rule set forth in CPLR 214-c. Prior to the enactment of CPLR 214-c in 1986, the Statute of Limitations commenced to run upon the date of exposure to the harmful substance, even though the ill effects of such exposure were not manifested until years later. The harshness of this rule was remedied by CPLR 214-c, which provides that the cause of action accrues, and the Statute of Limitations commences to run, upon discovery of the injury itself (see, Rothstein v Tennessee Gas Pipeline Co., 87 NY2d 90; Jensen v General Elec. Co., 82 NY2d 77). Thus, the three-year Statute of Limitations for personal injury actions commences to run upon the date of discovery of the injury or "the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier" (CPLR 214-c [2]). Where, as here, General Municipal Law §§ 50-e and 50-i are applicable because the claim is asserted against a municipality, the Statute of Limitations of one year and 90 days is measured from the date of discovery of the injury or from the date when, through the exercise of reasonable diligence, the injury should have been discovered, whichever is earlier (CPLR 214-c [3]). The time within which to commence an action under CPLR 214-c (2) and (3) may be extended by CPLR 214-c (4), which provides: "Notwithstanding the provisions of subdivisions two and three of this section, where the discovery of the cause of the injury is alleged to have occurred less than five years after discovery of the injury or when with reasonable diligence such injury should have been discovered, whichever is earlier, an action may be commenced or a claim filed within one year of such discovery of the cause of the injury; provided, however, if any such action is commenced or claim filed after the period in which it would otherwise have been authorized pursuant to subdivision two or three of this section the plaintiff or claimant shall be required to allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized and that he has otherwise satisfied the requirements of subdivisions two and three of this section".

In its motion for summary judgment, the defendant contended, among other things, that the personal injury causes of

action of the plaintiffs in question were untimely under CPLR 214-c (3) because Action No. 1 was not commenced within one year and 90 days of the discovery of their injuries. The plaintiffs' causes of action were also time barred under CPLR 214-c (4) because the plaintiffs claimed that they discovered the cause of their injuries in March 1992 and the action was commenced over one year later.

In response, the plaintiffs in question did not dispute the defendant's contention that the "date of discovery" of their injuries under CPLR 214-c (3) was the date that their illnesses were diagnosed. They asserted, however, that there was a factual issue as to whether their claims were timely under CPLR 214-c (4). They were not bound by their initial statement that the cause of their injuries was discovered in March 1992, since the notices of claim were subsequently amended to assert that the time when the claim arose was a question of fact. The plaintiffs' attorney asserted in an affirmation that the cause of the plaintiffs' injuries "is still in the process of being discovered". Scientists and doctors were currently investigating the conditions at the landfills and, according to the plaintiffs' attorney, these scientists believed that the investigation would ultimately link the plaintiffs' diseases with the chemicals in the landfills. In addition, the plaintiffs submitted an affidavit from an epidemiologist who stated that the working hypothesis of a scientific committee involved in this case was that toxic compounds released into the environment at the landfills were causing an increased rate of cancer and other illnesses among residents living in proximity to the landfills. This committee, however, had not as yet reached any conclusions.

The Supreme Court determined that CPLR 214-c (4) should be liberally construed and, based on its provisions, denied the defendant's motion with respect to the 11 plaintiffs involved in this appeal (Annunziato v City of New York, 164 Misc 2d 682). The court concluded that "discovery of the cause of the injury" as used in CPLR 214-c (4) meant sufficient knowledge to bring an action and included identification of the particular substance to which the plaintiffs were exposed. Here, there was no evidence of any present knowledge by the medical or scientific community causally linking the plaintiffs' injuries to emissions from the landfills. The court in essence concluded that there were factual questions as to when causation could have been established, and, since the plaintiffs commenced this action within five years of discovery of their injuries, their claims were not time barred.

## III

■ Before reaching the issue of the timeliness of the plaintiffs' personal injury claims under CPLR 214-c, we address the defendant's arguments regarding the timeliness of the wrongful death causes of action of the plaintiffs Frizalone and Sklar. We conclude that their causes of action are barred by the two-year Statute of Limitations in General Municipal Law § 50-i, which runs from the date of death *(see, Collins v City of New York,* 55 NY2d 646). Joseph Frizalone and Beverly Sklar died in 1990 and 1988, respectively, and Action No. 1 was not commenced until 1993.

The Statute of Limitations period in General Municipal Law § 50-i for wrongful death actions is not affected by the discovery rule in CPLR 214-c, which by its express language is limited to causes of action to recover damages for personal injury and injury to property *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214-c:6, at 637-638; *see also, Matter of Plaza v Estate of Wisser,* 211 AD2d 111 [CPLR 214-c applies only to actions for personal injury and injury to property, not to actions for intentional torts or fraud]; *compare,* L 1986, ch 682, § 4 [certain wrongful death actions based on exposure to specific toxic substances were revived for one year]). If the wrongful death causes of action had been timely commenced, the provisions of CPLR 214-c would be relevant to the issue of whether the decedents had viable personal injury causes of action at the time of their deaths *(cf., Rothstein v Tennessee Gas Pipeline Co.,* 87 NY2d 90, *supra* [wrongful death action was commenced within two years of death; personal injury action was timely under CPLR 214-c]; *Prink v Rockefeller Ctr.,* 48 NY2d 309, 315 [the decedent must have had a valid claim based on the wrongful conduct at the time of death for the heirs to maintain a wrongful death action]). Although the wrongful death causes of action are untimely, since the complaint in Action No. 1 is not included in the record on appeal, we will assume for purposes of this appeal that the plaintiffs Frizalone and Sklar also asserted causes of action for personal injuries to their decedents which are governed by CPLR 214-c.

■ Upon consideration of the provisions in CPLR 214-c and their purpose, we conclude that the defendant's motion to dismiss the subject plaintiffs' personal injury causes of action should have been granted. Preliminarily, we note that the plaintiffs do not dispute that the date their causes of action accrued, i.e., the "date of discovery of the injury" under CPLR

214-c (3), is the date their illnesses were diagnosed *(see, e.g., Sweeney v General Print.,* 210 AD2d 865; *Johnson v Ashland Oil,* 195 AD2d 980; *Matter of Seekings v Jamestown Pub. School Sys.,* 224 AD2d 942; *Crossman v Harding Indus. Tool,* 222 AD2d 1081; *Michael v Ametelco, Inc.,* 150 Misc 2d 507, *affd sub nom. Michael v Eastern Alloys,* 175 AD2d 667; *cf., Wetherill v Eli Lilly & Co.,* 225 AD2d 372; *Cochrane v Owens-Corning Fiberglas Corp.,* 219 AD2d 557; *Scherrer v Time Equities,* 218 AD2d 116; *Roman v Radio Frequency Co.,* 207 AD2d 1012 [generally holding that "discovery of the injury" includes some knowledge that the condition was associated with exposure to a toxic substance]). As the illnesses of the plaintiffs in question were all diagnosed by the end of 1991, the action commenced in June 1993, more than one year and 90 days later, was untimely under CPLR 214-c (3). Accordingly, the plaintiffs in question must rely on CPLR 214-c (4), which applies in those situations where the cause of the injury is unknown at the time that the injury is discovered *(see, Moore v Smith Corona Corp.,* 175 AD2d 458).

In order to take advantage of CPLR 214-c (4), the plaintiffs in question had to present evidence that they could meet three criteria: (1) they learned that harmful substances at the landfills caused their illnesses within five years after their illnesses were diagnosed, (2) this action was commenced within one year of discovery of the cause, and (3) there was insufficient information available to discover the cause prior to the expiration of the one year and 90-day Statute of Limitations. Contrary to the parties' contentions, we do not find the subject plaintiffs' notices of claim helpful in resolving these issues. It is true that the allegation in the original notices of claim that the cause of the subject plaintiffs' injuries was discovered in March 1992 renders the causes of action interposed in June 1993 untimely on their face under CPLR 214-c (4). However, the plaintiffs disavowed this allegation and amended their notices of claim so as to leave open the possibility that the cause was discovered at another, presumably later, time. On the other hand, we disagree with the subject plaintiffs' contention that the defendant's failure to oppose their motion to amend the notices of claim constituted a concession with respect to any legal issues surrounding its Statute of Limitations defense *(cf., Rodriguez v City of New York,* 169 AD2d 532; *Taverna v City of New York,* 166 AD2d 314; *Curtis Case, Inc. v City of Port Jervis,* 150 AD2d 421).

The subject plaintiffs were unable to satisfy the first two criteria in CPLR 214-c (4) because they made it very clear in their submissions to the Supreme Court that they had not as yet discovered the cause of their injuries. Although the plaintiffs contended that scientists were in the process of identifying clusters of illnesses in residents who lived near the landfills and that they believed such illnesses would ultimately be traced to chemicals at the landfills, their own expert acknowledged that any link between the landfills and the plaintiffs' illnesses was still in the hypothetical stage.

The Supreme Court emphasized that there was a factual issue as to whether the third criterion in CPLR 214-c (4) was satisfied. In cases where the medical diagnosis of the injury does not indicate that a toxic substance was the cause, a determination as to when there was sufficient information available to a plaintiff to discover the cause will often present a factual issue for the jury. But that issue arises after the cause of the injury is discovered, when the plaintiff must show that the cause could not have been discovered within the statutory periods in CPLR 214-c (2) or (3). If a plaintiff does not discover the cause within five years of discovery of the injury, the issue of whether it was possible to discover the cause sooner is irrelevant.

We recognize that CPLR 214-c should be read liberally to further its remedial purposes *(see, Rothstein v Tennessee Gas Pipeline Co.,* 87 NY2d 90, 96, *supra).* However, there is no question that the plaintiffs' claims are untimely under CPLR 214-c (3) and that CPLR 214-c (4) provides only a limited amount of time for an injured plaintiff, whose claim is time barred under subdivision (3), to discover the cause of his injury and commence suit. The statute does not contemplate that a plaintiff may in effect indefinitely toll the Statute of Limitations while searching for the cause of the injury.

Our determination is limited to the narrow holding that the subject plaintiffs' claims are time barred under CPLR 214-c (3) and that they have failed to show that CPLR 214-c (4) applies. Since CPLR 214-c (4) provides the subject plaintiffs with a five-year period in which to discover the cause of their injuries, and that five-year period has not yet elapsed for some plaintiffs, we do not reach the issue of whether they may commence another action if they succeed in discovering a connection between their illnesses and harmful substances at the landfills within that period. In addition, since the subject plaintiffs asserted that they had not yet discovered that any substances at

the landfills caused their injuries, it is unnecessary to reach the issue raised by the Supreme Court that discovery of the cause of the injury for CPLR 214-c (4) purposes requires discovery of the particular substance at fault.

The subject plaintiffs raised two alternative arguments in the Supreme Court regarding the Statute of Limitations which they have apparently abandoned on appeal. In any event, we conclude that these arguments are without merit. The subject plaintiffs' allegation that they were still being exposed to toxic emissions from the landfills would not affect the accrual date of their causes of action since the date of discovery of the injury is the key under CPLR 214-c, and there is no continuing-wrong exception to the comprehensive rules in CPLR 214-c *(see, Jensen v General Elec. Co., supra).* Similarly, in view of the comprehensive nature of CPLR 214-c, we reject the subject plaintiffs' contention that CPLR 203 (g) (CPLR 203 [former (f)]) applies under these circumstances *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214-c:2, at 633-634).

We conclude that the defendant's motion to dismiss the claims of these 11 plaintiffs under CPLR 214-c should have been granted and modify the Supreme Court's order accordingly.

## IV

In addition to moving to dismiss the claims of these 11 plaintiffs on Statute of Limitations grounds, the defendant contended that the claims of the remaining plaintiffs in Action No. 1 were improperly joined under CPLR 1002 because their claims involved different disorders, different allegations as to exposure to the substances at the landfills, and different issues of proximate cause. The plaintiffs cross-moved to consolidate Action No. 1 with three other pending actions for damages allegedly due to exposure to toxic substances at Staten Island landfills. The Supreme Court denied that branch of the defendant's motion which was to sever the plaintiffs' claims in Action No. 1 and consolidated all four actions.

That branch of the defendant's motion which was to sever the claims in Action No. 1 was properly denied, as the plaintiffs' claims involve common questions of law and fact regarding, *inter alia,* the defendant's operation of the landfills, the substances deposited there and the health effects of exposure to such substances *(see,* CPLR 1002; *see, e.g., Hempstead Gen. Hosp. v Liberty Mut. Ins. Co.,* 134 AD2d 569). The

defendant has failed to establish that the factual differences among the plaintiffs' claims in Action No. 1 warrant a severance at this stage of the proceedings. This determination is without prejudice to the defendant's right to renew its motion upon the completion of discovery.

We conclude, however, that the Supreme Court erred in granting the plaintiffs' cross motion to consolidate the four actions at this stage of the proceedings. The record contains insufficient information about the individual claims of the plaintiffs in Actions Nos. 2, 3, and 4 to determine whether consolidation or a joint trial would be appropriate and whether the presentation of the claims in all four actions before a single jury would unfairly bolster the case against the defendant *(see, Bender v Underwood,* 93 AD2d 747; *Korren v Eli Lilly & Co.,* 150 Misc 2d 429, 431-432). The motion for consolidation is therefore denied without prejudice to renewal.

We note that the plaintiffs sought consolidation primarily in order to facilitate common disclosure. The defendant does not dispute that common disclosure would avoid needless duplication, as it appears that the plaintiffs in the four actions will be relying on the same scientific investigation of the landfills. Nevertheless, consolidation is unnecessary since the parties can consent to the joint use of discovery material if they be so advised *(see, e.g., Bichler v Eli Lilly & Co.,* 50 AD2d 90).

Accordingly, the order is modified, on the law, by (1) adding to the first decretal paragraph, after the name "Joshua Solomon", the names "Rocky Annunziato, Marisa DeMonte, Marianne Dmytrow, Mary Ann Frizalone, Martin Gartenberg, Marla Girard, Brian Harris, Bryan Marcus, Aaron Sklar, Alvaro Tatekawa, and Gloria Weiss", (2) adding to the second decretal paragraph, after the word "denied", the phrase "without prejudice to renewal in accordance herewith", and (3) deleting therefrom the third, fourth, and fifth decretal paragraphs and substituting therefor a provision denying the plaintiffs' cross motion without prejudice to renewal in accordance herewith; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

BRACKEN, J. P., GOLDSTEIN and FLORIO, JJ., concur.

Ordered that the order is modified, on the law, by (1) adding to the first decretal paragraph, after the name "Joshua Solomon", the names "Rocky Annunziato, Marisa DeMonte, Marianne Dmytrow, Mary Ann Frizalone, Martin Gartenberg, Marla Girard, Brian Harris, Bryan Marcus, Aaron Sklar, Alvaro Tatekawa, and Gloria Weiss", (2) adding to the second

decretal paragraph, after the word "denied", the phrase "without prejudice to renewal in accordance herewith", and (3) deleting therefrom the third, fourth, and fifth decretal paragraphs and substituting therefor a provision denying the plaintiffs' cross motion without prejudice to renewal in accordance herewith; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.