■ LELAND R. SWEENEY et al., Respondents, v GENERAL PRINTING, INC., DIVISION OF SUN CHEMICAL CORPORATION, et al., Appellants. [621 NYS2d 132] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Best, J.), entered November 4, 1993 in Fulton County, which partially denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff seeks to recover for injuries sustained as a result of his exposure to printing inks, manufactured and distributed by defendants, during the course of his employment as a lithographer from 1962 to 1988. Initially diagnosed with bladder cancer in 1978, plaintiff did not commence this action until 1989, after suffering the loss of his bladder in August 1986, and subsequently discovering that his cancer may have been related to use of the inks. Defendants' motions for summary judgment dismissing the complaint as untimely were denied, and defendants appeal. At issue is what constitutes plaintiff's "injury", as that term is used in CPLR 214-c, and when plaintiff discovered, or should have discovered, that injury.

The wording of CPLR 214-c makes clear that the injury to which it refers is distinct from the actual exposure to the harmful substance, for the injury is, by definition, caused by the latent effects of that exposure, and consequently must be something that occurs later (see, CPLR 214-c [2]). Moreover, inasmuch as the statute explicitly provides for the situation where the injury is discovered prior to learning of its cause (see, CPLR 214-c [4]), the phrase "discovery of the injury" necessarily contemplates something less than full awareness that one has been damaged as a result of exposure to a particular toxic substance (see, Johnson v Ashland Oil, 195 AD2d 980, 981; Michael v Ametelco, Inc., 150 Misc 2d 507, 512-513, affd sub nom. Michael v Eastern Alloys 175 AD2d 667). These factors, taken together, indicate that the drafters of CPLR 214-c intended the term "injury" to refer to an actual illness, physical condition or other similarly discoverable objective manifestation of the damage caused by previous expo-

sure to an injurious substance (see, *Fusaro v Porter-Hayden Co.,* 145 Misc 2d 911, 915, *affd* 170 AD2d 239). As a consequence, a plaintiff must be considered to have discovered such an injury when he or she is actually diagnosed as suffering from a particular disease, even though unaware of its cause.

While separate and distinct disease processes may constitute different injuries, each with its own time of discovery (see, *supra,* at 915), plaintiff herein has suffered only one disease, bladder cancer, and hence one injury, which he realized, at the latest, when he was diagnosed with it in 1978. Although plaintiff attempts to distinguish the "low grade" tumors from which he suffered in the late 1970s and early 1980s from the more invasive tumors with which he was later afflicted, and eventually required the removal of his bladder, there is no evidence that the latter were caused by a separate and distinct disease process from the former. Nor can the loss of his bladder, which was a complication that resulted directly from the progression of the disease, be considered a separate "injury". In this regard, defendants proffered the testimony of a medical expert who concluded that all of the tumors represented recurrences of the original disease; plaintiff's expert does not refute this conclusion.

Given that plaintiff was injured, and discovered that injury, prior to July 1, 1986, and the time within which he could commence an action, as calculated under the old rule, had already expired on that date (see, *Snyder v Town Insulation,* 81 NY2d 429, 434-435), CPLR 214-c does not apply (see, CPLR 214-c [6]). Consequently, the Statute of Limitations for this action must be measured from the date of injury (see, *Goyette v Mallinckrodt, Inc.,* 204 AD2d 881, 883, *lv denied* 82 NY2d 807), and hence it is time barred. Moreover, even if CPLR 214-c did govern this action, it would not be timely, for plaintiff filed his complaint more than three years after the date of discovery of the injury (see, CPLR 214-c [2]) and the extension provided by CPLR 214-c (4) is only applicable when the cause of an injury, of which plaintiff herein claims he was not cognizant until 1988 or 1989, is discovered within five years after the injury itself is, or should have been, discovered.

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions granted, summary judgment awarded to defendants and complaint dismissed.