■ Grace A. Hedlund et al., Appellants, v County of Tompkins et al., Respondents. [652 NYS2d 877] —Peters, J. Appeal from an order of the Supreme Court (Rumsey J.), entered February 20, 1996 in Tompkins County, which, *inter alia*, partially granted defendants' cross motions for summary judgment dismissing the complaint.

Between late 1985 and early 1986, plaintiff Grace A. Hedlund and her daughter, plaintiff Lynnette M. Brown (hereinafter collectively referred to as plaintiffs), who lived next door, began to experience neuromuscular difficulties. In November 1987, after being treated by James Miller, an allergist, both were diagnosed with multiple chemical sensitivities. Notwith-

standing prior tests of their well water, another test conducted at Miller's request revealed detectable levels of petrochemical hydrocarbons. At such time, Hedlund was aware that the Highway Department of defendant County of Tompkins was using a site, about 400 feet from her property, to dump roadside dirt, wood chips, waste and debris. Such site was owned by defendants Merle W. Ploss and Lois M. Ploss (hereinafter the Ploss site). In January 1988, Hedlund was advised that the Department of Environmental Conservation (hereinafter DEC) replaced a tank located at the Ploss site and was later apprised that the tanks had been leaking toxins and petroleum products into the soil since 1987.[1] In March 1988, Hedlund retained William Carter, a chemist, to investigate the possible contamination of her well water. He found that "there is a likelihood that contaminate, if it had been placed in the county dumping location would migrate toward their well", and that based upon his observation of the color, smell and appearance of the soil at such site, "[i]t is likely these soils have some level of contamination". Among other things, Carter recommended that Hedlund contact DEC to sample and test the soil.

Hedlund contacted DEC but no tests were performed. Hence, in October 1989, Hedlund retained Carter to perform the necessary tests, the results of which led to Carter's opinion, in a letter dated March 30, 1990, that there was petroleum hydrocarbon contamination of the soil at the Ploss site and that this was the possible source of the contamination of Hedlund's well water.

A notice of claim was served on the County on June 7, 1990, followed by service of the summons and complaint on April 24, 1991. On May 8, 1991, the Plosses were served. The complaint contained 11 causes of action, including derivative claims, yet did not recite any statutory violations or statutory causes of action. After joinder of issue, the County made a demand for a verified bill of particulars, which plaintiffs served on the County on November 20, 1991. By notice of motion dated October 26, 1995, plaintiff sought leave to amend their bill of particulars to claim that all of the statutes alleged in their notice of claim had been violated by the County and the Plosses. Both the County and the Plosses cross-moved for summary judgment, contending that the actions were time barred. Supreme Court denied plaintiffs' request to amend and found that all of plaintiffs' causes of action, except the claim for injunctive relief, were time barred. Plaintiffs appeal.

---

1. The record also contains a report, dated April 9, 1988, prepared by Buck Laboratory for DEC, which indicates the presence of petrochemicals in the soil from the Ploss site.

In reviewing the denial of the motion to amend the bill of particulars, we find no error since "the exercise of such * * * discretion * * * [was] ' "discreet, circumspect, prudent and cautious" ' " (*Benjamin v Desai*, 228 AD2d 764, 765, quoting *Smith v Sarkisian*, 63 AD2d 780, 781, *affd* 47 NY2d 878; *see, Schwab v Russell*, 231 AD2d 820; *Sampson v Barber Salvage Co.*, 78 AD2d 977). The statutes now sought to be referenced were not in plaintiffs' complaint, bill of particulars or in any other pleading in this case. Their only mention was in the notice of claim, served over five years earlier than their motion for leave to amend. By that time, a note of issue and certificate of trial readiness was served, the case had come to trial but was aborted by the exhaustion of the available jury pool, and then rescheduled for trial in January 1996. Since no discovery regarding any of these claims was ever conducted, each of which required different proof and have different Statutes of Limitations, the prejudice to the nonmoving party justified denial.

We further agree that the dismissed causes of action were untimely. It being undisputed that the applicable Statute of Limitations is CPLR 214-c based upon allegations of the latent effects of exposure to toxic substances, with the claims deemed to have accrued "on the date of discovery of the injury" (CPLR 214-c [3]), we have found that such date will not be dependent upon the discovery of the cause of the injury (*see, Matter of Seekings v Jamestown Pub. School Sys.*, 224 AD2d 942, 943; *Sweeney v General Print.*, 210 AD2d 865, *lv denied* 85 NY2d 808). A diagnosis that one is suffering from a disease, "even though unaware of its cause" (*Sweeney v General Print., supra*, at 866), is sufficient to start the running of the limitations period.

Here, plaintiffs were diagnosed in November 1987, thus requiring them to serve their notice of claim within 90 days (*see*, General Municipal Law § 50-e [1] [a]; *Distel v County of Ulster*, 107 AD2d 994, 996). Pursuant to General Municipal Law 50-i (1) (c), the action had to be commenced within one year and 90 days from the date of the discovery of the injury. With the notice of claim served on the County on June 7, 1990 and the summons and complaint served on April 24, 1991, pursuant to the aforementioned sections, plaintiffs' action against the County as to all but the claim for injunctive relief was time barred.

We do not find such period extended by CPLR 214-c (4) since plaintiffs did not "allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the

cause of [the] injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized". Further, the record clearly reflects that the scientific knowledge and information necessary to discover the cause of the injury was available yet not utilized due to cost.

Had we considered the application of such section, even based upon plaintiffs' discovery of the cause of the injury on March 30, 1990, the complaint would still fail. Since the County was not served until April 24, 1991, the action would be time barred pursuant to CPLR 214-c (4) (*see, Moore v Smith Corona Corp.*, 175 AD2d 458, 460). Plaintiffs' contention that they had one year and 90 days after the discovery of the cause of the injury within which to commence their action pursuant to CPLR 214-c (4) and General Municipal Law § 50-i (1) (c) is without merit since the claim still accrues on the date of the discovery of the injury (*see*, CPLR 214-c [3]; *see also, Matter of Seekings v Jamestown Pub. School Sys., supra*, at 898; *Johnson v Ashland Oil*, 195 AD2d 980, 981, *lv denied* 82 NY2d 660).

For all of these reasons, based on the injury date of November 1987 or the March 1990 causation date, the action against the Plosses must similarly fail (*see*, CPLR 214-c [2]).[2]

Accordingly, Supreme Court's determination that the instant action, other than the injunctive relief requested, is time barred was in all respects proper.

Mercure, J. P., White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. Any contention that CPLR 214-c (4) revives this claim is rejected for the reasons detailed as applicable to the County.