[661 NYS2d 82]

Heather Krogmann, Respondent, v Glens Falls City School District, Appellant, et al., Defendant.

Third Department, July 24, 1997

## APPEARANCES OF COUNSEL

*Thuillez, Ford, Gold & Conolly, L. L. P.,* Albany *(Michael J. Hutter* of counsel), for appellant.

*Jacques G. Simon,* New York City, for respondent.

### OPINION OF THE COURT

YESAWICH JR., J.

Plaintiff seeks to recover for injuries she allegedly sustained while attending Glens Falls Middle School from September 1988 through April 1989. One or two months after she started attending that school, which was housed in a newly constructed building, plaintiff began suffering from multiple symptoms including sneezing, coughing, dizziness, headaches, memory loss, catatonic states and frequent colds and upper respiratory infections. The symptoms would subside, but not entirely cease, when she left the school building. Plaintiff sought medical care for these complaints, and in April 1989, on her doctor's advice, she stopped going to the middle school. During the ensuing years she was treated by several practitioners for various maladies, ultimately being diagnosed on February 23, 1994 as suffering from a "multiple chemical sensitivity type syndrome".

On April 7, 1994, plaintiff served a notice of claim on defendant Glens Falls City School District (hereinafter defendant), and approximately a year later commenced this negligence action. Defendant's motion to dismiss the action against it for failure to serve a timely notice of claim was denied, prompting this appeal.

The parties agree that plaintiff was obligated to serve a notice of claim on defendant within 90 days after her claim arose (*see,* General Municipal Law §§ 50-e, 50-i; Education Law § 3813 [2]), and that for this purpose the time of accrual is governed by CPLR 214-c (3), as plaintiff avers that her injuries were caused by the latent effects of "pollutants, contaminants, toxins and other substances" present inside the middle school. Accordingly, the notice of claim, to be timely, had to be served within 90 days after plaintiff discovered her injury (or should

have discovered it, through the exercise of reasonable diligence) (*see*, CPLR 214-c [3]). The instant controversy centers on whether "discovery" occurred when plaintiff began to suffer from the collection of physical symptoms upon which her complaint is premised or, as plaintiff suggests, only when those ailments were definitively linked to a particular diagnosis, in February 1994.

To resolve this dispute, it is necessary only to look to the Court of Appeals recent decision in *Wetherill v Eli Lilly & Co.* (89 NY2d 506), which instructs that, for these purposes, " 'discovery of the injury' " means "discovery of the manifestations or symptoms of the latent disease that the harmful substance produced" (*supra*, at 514; *see, Whitney v Quaker Chem. Corp.*, 90 NY2d 845). Plaintiff admits that she began to experience the entire array of symptoms that characterize her illness shortly after she matriculated at the middle school. Inasmuch as the physical indicia of plaintiff's injuries were fully developed and apparent to her and her treating physicians by April 1989, at the latest, and it is not alleged that the extent of technical knowledge of the scientific and medical communities was not then sufficiently advanced to allow the cause of those physical complaints to be ascertained (*see*, CPLR 214-c [4]), plaintiff's claim must be deemed to have accrued at or before that time. To hold otherwise—essentially tolling the limitations period until plaintiff's physician eventually diagnosed her condition—would allow the date on which a claim accrues to "depend on such fortuitous circumstances as * * * the diagnostic acuity of [the injured party's] chosen physician", a result explicitly rejected in *Wetherill v Eli Lilly & Co.* (*supra*, at 515; *see, Matter of Seekings v Jamestown Pub. School Sys.*, 224 AD2d 942, 943-944).

Although it has been stated that " 'discovery of the injury' " occurs when the plaintiff "is diagnosed with the primary condition for which damages are sought" (*Wetherill v Eli Lilly & Co., supra*, at 514, n 4) or "is actually diagnosed as suffering from a particular disease" (*Sweeney v General Print.*, 210 AD2d 865, 866, *lv denied* 85 NY2d 808; *see, Hedlund v County of Tompkins*, 235 AD2d 980, 982, *lv dismissed* 89 NY2d 1086), these decisions, considered in their entirety, denote that the word "diagnosed", as used therein, refers to the time when an injured party first becomes aware of the existence or nature of a "discoverable objective manifestation of the damage caused by previous exposure" (*Sweeney v General Print., supra*, at 865-866), not—as urged by plaintiff—when the disease or disorder

underlying that physical manifestation is definitively identified or linked to a particular cause (*see, Whitney v Agway, Inc.,* — AD2d —, —, 1997 NY Slip Op 09696 [3d Dept, Apr. 17, 1997]). Moreover, even if the earlier decisions could be read as adopting the position espoused by plaintiff, that view must now be rejected given the rule set forth in *Wetherill.*

As plaintiff has neither served a notice of claim within 90 days of discovery of her injury nor sought leave to file a late notice within the time allowed for doing so (*see,* General Municipal Law § 50-e [5]; *see also, Pierson v City of New York,* 56 NY2d 950, 954), the complaint must be dismissed (*see, Butterfield v Board of Trustees of Schenectady County Community Coll.,* 131 AD2d 963, 964).

CARDONA, P. J., MIKOLL, CREW III and CASEY, JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion granted, and complaint dismissed against defendant Glens Falls City School District.