OPINION OF THE COURT
Peter B. Skelos, J.
This motion by defendant RBL & Associates pursuant to CPLR 3212 for summary judgment dismissing the complaint against it on the grounds that the plaintiffs action is time-barred is denied. The cross motion by defendant Teramo & Co., Inc. for summary judgment upon the same grounds is also denied.
Plaintiff, an x-ray technician, alleges that she developed respiratory disease based upon the negligence of defendants. She alleges that defendants failed to provide for proper elimination of the chemical fumes resulting from development of x-ray film at the premises located at 157 Broadway, Hewlett, New York. She worked with a Konica processing machine at the premises from May 1996 through October 1997, and alleges that the chemical ventilation hoses were on the floor and were improperly permitted to vent into the darkroom, rather than properly leading out through the ceiling.
Plaintiff testified at her deposition that she first suffered respiratory symptoms in May 1997 and that she saw a physician in September 1997. She left her employment in September or October of that same year.
Plaintiff commenced the action against defendant RBL & Associates by filing a summons and complaint on September 7, 2000. She commenced the action against defendant Teramo & Co., Inc. several months earlier, on May 30, 2000. Both defendants rely upon a latest accrual date for statute of limitations purposes of May 7, 1997. However, plaintiff avers that the statute did not begin to run until September 1997 when she was medically diagnosed with respiratory disease. The court finds that the issue is one of fact.
CPLR 214-c (2) provides that the three-year statute of limitations for injury caused by exposure to toxic substances “shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.” (Emphasis supplied.) Discovery or knowledge of the cause of the injury is not required or relevant, as another subdivision, CPLR 214-c (4), provides for a one-year statute commencing upon discovery of the cause, but *904 only when “technical, scientific or medical knowledge and information sufficient to ascertain the cause of * * * injury had not been discovered, identified or determined” within the three-year limitations period provided by subdivision (2). Thus, only if the cause is initially unascertainable is its date of discovery relevant. In this matter the sole issue is whether the action was timely commenced within three years after discovery of the injury.
“[T]he drafters of CPLR 214-c intended the term ‘injury’ to refer to an actual illness, physical condition or other similarly discoverable objective manifestation of the damage caused by previous exposure to an injurious substance,” and there may be “separate and distinct disease processes [which] may constitute different injuries, each with its own time of discovery” (Sweeney v General Print., Div. of Sun Chem. Corp., 210 AD2d 865, 865-866 [1994], lv denied 85 NY2d 808 [1995]). The Court of Appeals has held that discovery of the injury means “discovery of the condition on which the claim was based” or “discovery of the manifestations or symptoms of the latent disease that the harmful substance produced” (Wetherill v Eli Lilly & Co., 89 NY2d 506, 513-514 [1997]). In Wetherill, it was undisputed that the primary conditions that formed the basis of plaintiffs claim — her dysplasia (1978/1979), her miscarriages (1980-1986), her misshapen uterus (1987), and her incompetent cervix (1988) — were all known to her by 1988. Thus, the Court held her 1992 action was commenced more than three years after her discovery of the injury. However, the Court explicitly made the following acknowledgment:
“We recognize that there may be situations in which the claimant may experience early symptoms that are too isolated or inconsequential to trigger the running of the Statute of Limitations under CPLR 214-c (2). We need not decide in this case, however, precisely where the threshold lies, since there is no doubt that by 1988 this plaintiff was formally diagnosed as having a combination of serious reproductive abnormalities, the very abnormalities that constitute the harm for which she seeks recovery. Under these facts, we need hold only that a ‘discovery of the injury’ occurs within the meaning of CPLR 214-c (2) when the plaintiff is diagnosed with the primary condition for which damages are sought.” (Wetherill v Eli Lilly & Co., supra at 514 n 4 [emphasis supplied].)
It is acknowledged that there may be a time when accrual will *905 result prior to diagnosis. In the case of Krogmann v Glens Falls City School Dist. (231 AD2d 76, 78 [1997], lv dismissed 91 NY2d 848 [1997]), the accrual date was almost one year before a definitive diagnosis, when the plaintiff’s physician advised her to leave school, the source of her injury. Krogmann does not alter the rule set forth by the Court of Appeals in Wetherill, that isolated symptoms will not necessarily trigger the statute of limitations, and that diagnosis may be a proper accrual date. Even in Krogmann, where the ultimate definitive diagnosis was rejected as the accrual date, the plaintiff had suffered symptoms for almost a year before her physician advised her to leave school. Nevertheless, the date her physician advised her to leave school was chosen as the latest possible accrual date for dismissal purposes, thus permitting dismissal as a matter of law.
In the case at bar the uncontroverted evidence shows that plaintiff first manifested symptoms in May 1997. While her deposition testimony indicates that the smells emanating from the darkroom were increasingly worse during the summer of 1997, she did not testify with any specificity concerning the development of her injury. The moving defendants confuse the injury and the conditions in the darkroom, arguing that plaintiff’s injuries were “increasingly debilitating during May, June, July and August.” The record does not support this contention.
The totality of plaintiff’s testimony regarding her injuries, in excerpts of the transcript provided by the parties, is as follows:
“Q. Now did there come a time when you manifested respiratory symptoms?
“A. Yes.
“Q. When for the first time did you manifest respiratory systems [sic]?
“A. May of ‘97.
“Q. WThat was the nature of the symptoms?
“A. Bad chest pains and heaviness in my chest.
“Q. Had you ever experienced anything of a similar nature?
“A. No.
“Q. And that brought you to Dr. Alterman?
“A. In September.
“Q. So between May and September did the symptoms get better, worse or remain the same?
“A. It would be worse during the week. On the weekends it would get a little better, which I didn’t realize during the [summer] months * *
*906 There is no detail in the testimony about the nature, frequency or severity of symptoms during the summer months, merely that they were worse during the week than on the weekend. Moreover, as plaintiff testified, she was not aware of such difference at the time it was occurring, but only in hindsight. Thus, the only established details are that plaintiff felt chest pain and heaviness for the first time in May 1997 (symptoms which could easily indicate heart rather than respiratory problems), that the symptoms were worse during the week than on the weekend, and that she went to a physician in September 1997. These scant details cannot establish as a matter of law that the statute of limitations accrued in May 1997, or any other time before September when plaintiff was diagnosed. Unlike those cases where there is a range of possible accrual dates and the court finds the action untimely as a matter of law based on the last or latest one, defendants seek dismissal based upon the first or earliest date in a series. This is a factual issue which is not susceptible to resolution as a matter of law, particularly given the paucity of detail and ambiguity of the described symptoms (see, Wetherill v Eli Lilly & Co., 89 NY2d 506 [1997] [serious reproductive abnormalities begin in 1978/1979, latest accrual date 1988]; Krogmann v Glens Falls City School Dist., 231 AD2d 76, 77 [1997], lv dismissed 91 NY2d 848 [1997] [first symptoms in October or November 1988, latest accrual date April 1989]; Sweeney v General Print., Div. of Sun Chem. Corp., 210 AD2d 865, 865-866 [1994], lv denied 85 NY2d 808 [1995] [tumors suffered in the late 1970s, latest accrual date 1978 upon diagnosis of cancer]; Hedlund v County of Tompkins, 235 AD2d 980 [1997], lv denied 90 NY2d 808 [1997] [symptoms in 1985-1986, accrual date — diagnosis in 1987]; Johnson v Exxon Corp., 258 AD2d 946 [1999] [symptoms in early 1987, accrual date 1989 when claimant overcome by fumes]; O’Halloran v 345 Park Co., 251 AD2d 260 [1998], lv dismissed 92 NY2d 1026 [1998] [symptoms in 1990, accrual 1991]; but see, Oeffler v Miles, Inc., 241 AD2d 822 [1997] [plaintiff aware of symptoms as early as August 1988, suit commenced years later in January 1993 untimely]). The particulars of plaintiffs symptoms, whether they indicated a respiratory ailment, and their frequency of occurrence and severity are essential facts for resolution of the issue concerning accrual for statute of limitations purposes. Defendants have failed to sustain their burden of proof, and thus the motions to dismiss are denied.
The court rejects as frivolous defendants’ contention that the accrual date is May 1996 based upon the allegations of *907 plaintiffs complaint. While plaintiff alleges that she became ill due to the dangerous condition in the improperly ventilated darkroom “on or about May 1996 and continuing through October 1997,” she does not allege that she suffered any symptoms of the latent injury at that time, and thus she could not have discovered her injury. The very purpose of CPLR 214-c is to delay accrual for statute of limitations purposes until symptoms alert the plaintiff to the presence of a latent injury. Defendants’ argument that the cause of action accrued upon plaintiffs initial exposure is untenable as it defeats the very purpose of CPLR 214-c. The motions are therefore denied.