Barbara **FISHER**, individually and as Executrix for the Estate of Barry Fisher, Plaintiffs,

v.

**APP PHARMACEUTICALS, LLC; Baxter Healthcare Corporation; Hospira, Inc. and John Doe Corporations, Defendants.**

No. 08–CV–11047 (BSJ).

United States District Court, S.D. New York.

March 1, 2011.

Philip A. Tortoreti, Satish V. Poondi, Daniel Robert Lapinski, Victoria Hwang–Murphy, Wilentz, Goldman & Spitzer, P. A., Woodbridge, NJ, for Plaintiffs.

Lawrence Henry Cooke, II, Laura Reiter Fleischner, Venable LLP, New York, NY, Michael Broughton MacWilliams, Michaela F. Roberts, Paul F. Strain, Venable LLP, Baltimore, MD, for Defendants.

### Memorandum & Order

BARBARA S. JONES, District Judge.

Barbara Fisher, individually and as Executrix of the Estate of Barry Fisher, brings this action against Defendants APP Pharmaceuticals, LLC ("APP"), Baxter Healthcare Corporation ("Baxter"), and Hospira, Inc. ("Hospira" and collectively "Defendants") for injuries suffered from Barry Fisher's use of Defendants' pharmaceutical heparin products. Plaintiff claims 8 causes of action: (1) Strict Liability/Failure to Warn, (2) Strict Liability/Design Defect, (3) Negligence, (4) Breach of Implied Warranty, (5) Breach of Express Warranty, (6) Negligent Misrepresentation, (7) Fraud by Concealment, (8) Loss of Consortium and Wrongful Death. Before the court are three motions to dismiss filed separately by APP, Baxter, and Hospira. APP moves to dismiss[1] (docket number

---

1. APP originally filed a motion to dismiss the First Amended Complaint and the motion was fully briefed by both parties. Plaintiff then subsequently filed a Second Amended Complaint. APP and Plaintiff stipulated (docket number 40) that the Second Amended Complaint is not materially different from the First Amended Complaint because it only added another party, Baxter. APP and Plaintiff stipulated that the fully submitted motion

24) the Complaint for failure to sufficiently identify the manufacturer of heparin. APP further argues that claims 1, 2, 3, 6, and 8 are time barred and claim 7 must be dismissed for failure to state a claim. Baxter also moves to dismiss (docket number 52) the Complaint on the grounds that the Complaint does not allege that Baxter's product injured Mr. Fisher. Baxter also argues that counts 1, 2, 3, 6, and 7 are all time barred. Baxter also argues that count 5 fails to allege facts that support the claim and that counts 6 and 7 have not been pled with the requisite particularity. Hospira moves to dismiss (docket number 41) counts 6 and 7 because they have not been pled with the requisite particularity and count 5 because Plaintiff has not alleged facts to support the claim. For the following reasons APP's motion is denied in part and granted in part, Baxter's motion is denied in part and granted in part, and Hospira's motion is granted.

## BACKGROUND [2]

This is a products liability case relating to Barry Fisher's use of heparin following an elective cardiovascular procedure he had at Columbia Presbyterian Hospital in November of 2006 ("SAC"). (SAC ¶ 20). Mr. Fisher was "administered heparin manufactured by Defendants" during his treatment at the hospital. (SAC ¶ 20). Heparin is administered to prevent blood clots. (SAC ¶ 15). Mr. Fisher declined in health following the use of heparin and tested positive for heparin-induced thrombocytopenia ("HIT") antibodies. (SAC ¶ 21). HIT causes rather than prevents blood clots. (SAC ¶ 18).

Plaintiff claims "Defendants separately manufacture, market, distribute and sell several forms of heparin throughout the United States, including the State of New York, even though Defendants are aware of the serious risk of HIT." (SAC ¶ 19). HIT is a side effect of heparin use. (SAC ¶ 17). Plaintiff alleges that the use of heparin caused Mr. Fisher's injury. (SAC ¶ 39). Mr. Fisher died on April 18, 2008 due to cardio pulmonary arrest. (SAC ¶ 27).

Plaintiff brought this action individually and on behalf of the estate of Mr. Fisher on November 3, 2008. Hospira removed the case to the Southern District of New York on December 19, 2008. The original Complaint named Hospira and John Doe Corporations as defendants. Plaintiff filed the First Amended Complaint ("FAC") on May 20, 2010 and added APP as a party. Plaintiff subsequently filed the Second Amended Complaint ("SAC") on July 29, 2010. The SAC did not materially change the FAC. The only change in the SAC was the addition of Baxter as a party.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief may be granted. "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." *Frasier v. Gen. Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir.1991) (citation omitted). A court is also required to read a complaint generously, drawing all reasonable inferences from its allegations in favor of the plaintiff. *See Cal. Motor Transp. Co. v. Trucking Unlimited,* 404 U.S. 508, 515, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). A court

is not moot and the motion should be deemed to have been filed in response to the Second Amended Complaint.

**2.** The following facts are taken from the allegations in the complaint. They are assumed to be true for the purpose of these motions.

should not, however, credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Stephenson v. Citco Group Ltd.*, 700 F.Supp.2d 599, 619 (S.D.N.Y.2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). In *Twombly,* the Supreme Court held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks and citation omitted). A pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Id.* at 555 n. 3, 127 S.Ct. 1955 (alteration in original) (internal quotation marks and citation omitted). A plaintiff must, however, assert "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1940.

The Court must apply New York State law in this case as the Court has diversity jurisdiction over this action. In a diversity action, the Court applies the choice of law rules of the state in which it sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In general, under New York choice of law principles "the law of the place of the tort governs." *Padula v. Lilarn Prop. Corp.,* 84 N.Y.2d 519, 522, 620 N.Y.S.2d 310, 644 N.E.2d 1001, 1002 (1994). In this case, Mr. Fisher was injured at Columbia Presbyterian Hospital located in New York State hence New York State law applies. Further, "[i]n diversity cases, state statutes of limitations govern the timeliness of state law claims, and state law determines the related questions of what events serve to commence an action and to toll the statute of limitations." *Diffley v. Allied–Signal, Inc.,* 921 F.2d 421, 423 (2d Cir.1990) (internal quotations omitted).

## DISCUSSION

### 1. *Product / Manufacturer Identification*

APP and Baxter both argue that the SAC has failed to satisfy Federal and New York pleading standards because the SAC does not specifically allege which product injured Mr. Fisher. The Court disagrees.

Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While the Rule 8(a)(2) pleading standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a claim." *Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122, 124 (2d Cir.2008). In a New York products liability action, a plaintiff must prove (1) that the defendant's product had a defect that rendered it unreasonably dangerous at the time it left defendant's control and (2) that the defective product supplied by the defendant caused plaintiff's injury. *Robinson v. Reed–Prentice Div. of Package Mach. Co.,* 49 N.Y.2d 471, 426 N.Y.S.2d 717, 403 N.E.2d 440, 443 (1980). APP and Baxter contend that Plaintiff's claims fail because the SAC does not adequately allege that each individual Defendant was the manufacturer of the heparin product that caused Mr. Fisher's injury.

"Defendants" are defined in the SAC as APP, Baxter and Hospira. (SAC

¶ 1). All claims in the SAC are alleged against "Defendants." Plaintiff has alleged that all of the Defendants manufacture heparin products, that all of those heparin products were administered to Mr. Fisher and that all of those administrations of heparin caused Mr. Fisher's injury. The Court finds that these factual allegations are more than labels and conclusions and, instead, when accepted as true, are sufficient to state a claim that is plausible on its face. *Stanger v. APP Pharmaceuticals, LLC*, No. 09–05166(JAP), 2010 WL 4941451, at **2–3 (D.N.J. Nov. 30, 2010). Accordingly, APP and Baxter's motion to dismiss the Complaint for failure to adequately identify the manufacturer are DENIED.

### 2. *Time Barred Claims*

Baxter argues that Counts 1, 2, 3, 6, and 7 are time barred. APP argues that Counts 1, 2, 3, 6, and 8 are time barred. Plaintiff counters that the claims against APP and Baxter are not time barred because the claims relate back to the date that the original Complaint was filed on November 3, 2008 and alternatively that the claims are tolled by New York's discovery rule.

*Strict Liability/Failure to Warn (Count 1), Strict Liability/Design Defect (Count 2), Negligence (Count 3), Negligent Misrepresentation (Count 6), Fraud by the Concealment (Count 7)*

█ Under New York law, personal injury tort claims must be commenced within three years. N.Y.C.P.L.R. 214. The fraudulent concealment claim (Count 7), which would ordinarily be subject to a six-year statute of limitations for fraud claims, is also subject to the three-year statute of limitations applicable to negligence claims because the claim is merely incidental to the negligence claim. Plaintiff does not dispute this issue. *Grill v. Philip Morris USA, Inc.*, 653 F.Supp.2d 481, 487 (S.D.N.Y.2009) (citing *N.Y. Seven–Up Bottling Co. v. Dow Chem. Co.*, 96 A.D.2d 1051, 466 N.Y.S.2d 478, 480 (1983)). ("New York law prevents application of the six-year statute of limitations [w]here the allegations of fraud are only incident to another cause of action, and permits plaintiffs to invoke the six-year statute of limitations only when there would be no injury but for the fraud.")

█ In this case, the claim is based on an injury by a defective product. The alleged fraud perpetrated by APP and Baxter consisted of their failure to disclose the side effects of heparin. These allegations are only incidental to Plaintiff's cause of action sounding in products liability. *Fathi v. Pfizer Inc.*, 24 Misc.3d 1249(A), 901 N.Y.S.2d 899 (N.Y.Sup.Ct.2009). Accordingly, Counts 1, 2, 3, 6, and 7 are all subject to a three year statute of limitations period.

The SAC alleges that Mr. Fisher was "advised by medical staff that he was suffering from heparin-induced thrombocytopenia" following his November 2006 treatment. (SAC ¶¶ 20, 26). New York's three-year statute of limitations requires that Plaintiff had to file suit against APP and Baxter on Counts 1, 2, 3, 6, and 7 by November 2009 in order to be timely. APP and Baxter were not named in the FAC and SAC respectively until 2010 well after the time on the statute of limitations ran. Therefore, the Strict Liability/Failure to Warn (Count 1), Strict Liability/Design Defect (Count 2), Negligence (Count 3), Negligent Misrepresentation (Count 6), and Fraud by the Concealment (7) claims against APP and Baxter are time barred unless they relate back or tolled by the

discovery rule.[3]

### Wrongful Death (Count 8)

Under New York law, a wrongful death claim must be brought within two years of the decedent's death. Est. Powers & Trusts § 5–4.1. The SAC alleges that Mr. Fisher passed away on April 18, 2008. Therefore, any wrongful death action must have been brought prior to April 18, 2010. APP was first named as a Defendant on May 20, 2010. Accordingly, the wrongful death claim against APP is time barred unless the claim relates back or is tolled by the discovery rule because APP wasn't named in the FAC until after the statute of limitations time had run.[4]

### Relation Back Test & Discovery Rule

Plaintiff counters that the claims against APP and Baxter are not time barred because the claims relate back to the date that the original Complaint was filed on November 3, 2008 and alternatively that the claims are tolled by New York's discovery rule. The Court disagrees.

■ Plaintiff argues that the SAC relates back to the original Complaint because the John Doe Defendants named in the original Complaint served as placeholders for APP and Baxter under New York Civil Practice and Rule 203(f). Under New York law this argument is only successful if the original pleading gave notice to the newly added parties. N.Y.P.L.R. 1024 and 203(f). It is Plaintiff's burden to establish that "(1) both claims [arise] out of the same conduct, transaction or occurrence, (2) the new defendant is united in interest with the original defendant, and (3) the new defendant

knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him or it as well." *Buran v. Coupal*, 87 N.Y.2d 173, 177, 638 N.Y.S.2d 405, 661 N.E.2d 978 (1995).

■ The first element is satisfied because the claims in the FAC and SAC arise out of the same conduct, transaction or occurrence as the claims in the original complaint. However, the SAC fails to allege any unity of interest between Hospira and APP or Baxter. "The most frequently cited relationship creating a unity of interest is vicarious liability, such as between an employer and employee or a corporation and its agents." *Amaya v. Garden City Irrigation, Inc.*, 645 F.Supp.2d 116, 122 (E.D.N.Y.2009). Clearly that is not the situation in this case. In fact, Hospira, Baxter, and APP are separate and independent corporations and competitors. Further, nothing in the original Complaint put APP or Baxter on notice that but for a mistake, APP and Baxter would have been named in this action. The Court is not persuaded by Plaintiff's argument that APP or Baxter should have known that they should have been named in the original Complaint because Baxter and APP had been sued in substantially similar cases in other districts. Unrelated cases arising out of conduct involving different named plaintiffs in other districts does not place APP or Baxter on constructive notice that they would have been sued in this case by this Plaintiff in this district. Accordingly, Plaintiff's claims against APP and Baxter do not relate back to the date of the original Complaint and therefore do

---

**3.** APP did not argue that Count 7 is time barred but the Court finds the claim is time barred against APP for the same reasons it is time barred against Baxter.

**4.** Baxter did not argue in their motion that Plaintiff's wrongful .death claim is untimely because Plaintiff and Baxter entered into a tolling agreement on April 9, 2010, less than two years after Mr. Fisher's death on April 18, 2008.

not save the claims from being time barred.

### Discovery Rule

Alternatively, Plaintiff claims that the discovery rule tolls her claims because she did not, nor could she have, discovered that the heparin that caused Mr. Fisher's injury was manufactured by APP or Baxter until March 23, 2010, when the hospital produced responsive documents that had previously been withheld. New York Civil Procedure Law Rule § 214–c(4) tolls the three year statute of limitations on personal injury claims "where the discovery of the cause of the injury is alleged to have occurred less than five years after discovery of the injury ... [and Plaintiff must] allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the period." *See also Pompa v. Burroughs Wellcome Co.,* 259 A.D.2d 18, 23–24, 696 N.Y.S.2d 587 (N.Y.App.Div.1999).

█ The discovery rule does not apply in this case. Mr. Fisher knew the cause of his injury, heparin-induced thrombocytopenia, when he was diagnosed with HIT in November of 2006. (SAC ¶¶ 20–21). Thus, Plaintiff cannot allege in the Complaint, let alone prove, that the cause of the injury remained unknown because the "technical, scientific or medical knowledge" had not yet been discovered. Essentially, Plaintiff relies on the argument that the discovery rule should apply in cases where the plaintiff does not know *who* caused the injury versus *what* caused the injury. Plaintiff does not cite any case law to support this proposition and the language of the statute referring to "technical, scien-

tific or medical knowledge" does not support this reading. Since Plaintiff knew the cause of his injury in November of 2006, the discovery rule does not apply in this case and cannot toll the statute of limitations. Accordingly, the claims for Strict Liability/Failure to Warn (Count 1), Strict Liability/Design Defect (Count 2), Negligence (Count 3), Negligent Misrepresentation (Count 6), Fraud by the Concealment (Count 7) are time barred against both APP and Baxter. The claim for Loss of Consortium/Wrongful Death (Count 8) is time barred against APP.

### 3. *Failure to Sufficiently Plead*

#### Breach of Express Warranty (Count 5)

Baxter and Hospira[5] argue that the SAC fails to adequately allege a claim for breach of express warranty because the SAC fails to identify the actual content of the warranty. The Court agrees.

█ In order to adequately plead a claim for breach of express warranty the plaintiff must allege where, when or how the alleged promise or statement was provided to Mr. Fisher or his physicians. *Richman v. W.L. Gore & Assocs.,* 881 F.Supp. 895, 905 (S.D.N.Y.1995); *Stanger v. APP Pharmaceuticals, LLC,* No. 09–05166(JAP), 2010 WL 4941451, at * 4 (D.N.J. Nov. 30, 2010); *Ackerman v. Coca–Cola Co.,* No. CV–09–0395 (JG)(RML), 2010 WL 2925955, at * 24 (E.D.N.Y. July 21, 2010); *Simmons v. Stryker Corp.,* No. 08–3451(JAP), 2008 WL 4936982, at *2 (D.N.J. Nov. 17, 2008). The SAC merely states that Defendants "manufactured, compounded, packaged, labeled, distributed, marketed, examined, sold supplied, prepared, and sold heparin" and De-

---

**5.** APP did not join Baxter and Hospira in this argument but the Court finds that the claim should be dismissed against APP for the same reasons that the Court finds the claim is inadequately pled against Baxter and Hospira.

fendants expressly warranted to Mr. Fisher and his physicians that the product was of merchantable quality and safe for the use for which it was intended. (SAC ¶¶ 61, 65–66). Plaintiff's failure to allege any specific words, promises or statements made by Hospira, Baxter or APP to Mr. Fisher or his physicians that would create an express warranty is fatal to the claim. The claim of Breach of Express Warranty is dismissed against all Defendants.

### Negligent Misrepresentation (Count 6)

Hospira[6] argues that Plaintiff has failed to plead the Negligent Misrepresentation claim with sufficient particularity. The Court agrees.

Although the parties do not contest the applicability of Fed.R.Civ.P. 9(b) to negligent misrepresentation claims brought under New York law, the law is not settled. *Gonzalez v. Bristol–Myers Squibb Co.*, No. 07–cv–902 (FLW), 2009 WL 5216984, at *5 (D.N.J. Dec. 30, 2009). The Second Circuit has stated that Rule 9(b) may or may not apply to state law claims for negligent misrepresentation. *Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York*, 375 F.3d 168, 188 (2d Cir.2004). The Court does not need to resolve the issue here, however, because even under the more lenient standards of Rule 8(a), Plaintiff's negligent misrepresentation claim cannot withstand the instant motion to dismiss.

■■■ "Under New York law, the elements for a negligent misrepresentation claim are that (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir.2000). "In order to establish a prima facie claim of negligent misrepresentation, a plaintiff must show reliance upon a false statement or material misrepresentation or omission made by the defendant to the plaintiff." *Fagan v. AmerisourceBergen Corp.*, 356 F.Supp.2d 198, 219 (E.D.N.Y.2004).

■■■ The SAC lacks any allegations regarding which misrepresentations were made to the Plaintiff or his doctors, and what was relied upon in connection with his decision to take heparin. "In the absence of such information, Plaintiff's allegations regarding reasonable reliance amount to nothing more than mere legal conclusion and do not state a plausible claim upon which relief may be granted." *Gonzalez v. Bristol–Myers Squibb Co.*, No. 07–cv–902 (FLW), 2009 WL 5216984, at *8 (D.N.J. Dec. 20, 2009). Plaintiff is unable to cite to any allegations that relate to the negligent misrepresentation claim that demonstrate any reliance on behalf of Plaintiff or the decedent. Accordingly, Plaintiff's claim for negligent misrepresentation is dismissed.

### Fraud by Concealment (Count 7)

Defendants[7] argue that Plaintiff's claim for fraudulent concealment fails to satisfy the heightened pleading requirement under Fed.R.Civ.P. 9(b). The court agrees.

---

**6.** Baxter joins Hospira in this argument but as discussed *supra* the negligent misrepresentation claim is time barred against Baxter.

**7.** APP and Baxter join Hospira in this argument but as discussed *supra* the fraudulent concealment claim is time barred against both of these defendants.

For a fraud claim, Fed. R.Civ.P. 9(b)[8] requires that a complaint, at a minimum to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statement were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993). A plaintiff alleging fraud must make particular allegations of the time, place, speaker, and contents of the allegedly false acts or statements. *Id.* Moreover, in cases involving multiple defendants, a plaintiff cannot "rely upon blanket references to acts or omissions by all of the defendants, for each defendant named in the complaint is entitled to be [apprised] of the circumstances surrounding the fraudulent conduct with which he individually stands charged." *Am. Fin. Int'l Group–Asia v. Bennett*, No. 05 Civ. 8988(GEL), 2007 WL 1732427, at *7 (S.D.N.Y. June 14, 2007). Rule 9(b) "is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants'." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993).

The SAC fails to allege when the fraud occurred and where the fraud took place, and instead just asserts the fraud too place at "all times mentioned herein." (SAC ¶¶ 79–86). Plaintiff also fails to satisfy Rule 9(b) because the SAC does not allege the particular content of the alleged misrepresentations or omissions. Further, the SAC makes all allegations against "Defendants." Plaintiff argues that Defendants had sufficient notice of the claims against them because the identity of each Defendant is defined in the SAC. (SAC ¶ 1). This does not satisfy the requirements of 9(b). The SAC fails to differenti-ate among the named Defendants in each allegation and thus fails to inform each defendant of the circumstances surrounding the fraudulent conduct with which he individually stands charged. Plaintiff is unable to satisfy the first three requirements of the standard announced by the Second Circuit. This necessitates dismissal of the claim. *Loewy v. Stuart Drug & Surgical Supply, Inc.*, No. 91–civ–7148, 1999 WL 76939, at *5 (S.D.N.Y. Feb. 11, 1999) (dismissing Plaintiff's fraud claim for failure to "extract quotes from the relevant materials, provide copies of the offending documents, state where and when any misleading materials were distributed, refer to particular individuals who made misleading statements to doctors and patients; or detail when and where those misleading statements may have been made" in the complaint.). Accordingly, the claim for fraud by concealment is dismissed.

## CONCLUSION

For the reasons set forth above, APP's motion is DENIED IN PART and GRANTED IN PART (docket number 24). The only remaining claim against APP is the Breach of Implied Warranty (Count 4).

Baxter's motion is DENIED IN PART and GRANTED IN PART (docket number 52). Baxter has two remaining claims, Breach of Implied Warranty (Count 4) and Loss of Consortium and Wrongful Death (Count 8).

Hospira's motion is GRANTED (docket number 41). The following claims remain against Hospira: Strict Liability/Failure to Warn (Count 1), Strict Liability/Design Defect (Count 2), Negligence (Count 3), Breach of Implied Warranty (Count 4),

---

8. The particularity requirement of Federal Rule 9(b) applies to state law claims of fraud. *Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York*, 375 F.3d 168, 186–87 (2d Cir.2004).

and Loss of Consortium and Wrongful Death (Count 8).

**SO ORDERED.**